[No. 30168.  Department Two.  June 26, 1947.]

G. B. KINNEY, *Appellant,* v. PAUL SANDO *et al., Respondents.*[1]

*Lewie Williams* and *Fred'k. R. Burch,* for appellant.

*Simmons & McCann,* for respondents.

*Peyser, Bailey & Cartano, amicus curiae.*

STEINERT, J.—This was an action to recover a real estate broker's commission.  The cause was heard by the court, sitting without a jury, and a judgment was subsequently entered dismissing the action with prejudice.  The plaintiff thereupon appealed.

The question which the appellant *seeks* to present for our decision is this:  Where a written agreement, evidenced by an earnest money receipt, between parties designated therein as sellers and purchaser, respectively, was the subject of litigation in a former action brought by the purchaser to obtain specific performance thereof by the sellers, and the agreement was in that action held to be void and unenforcible, under the statute of frauds, because of lack of suf-

[1]Reported in 182 P. (2d) 45.

ficient description of the property, is a subsidiary agreement which was appended to the earnest money receipt and which was signed by the sellers—in which subsidiary agreement the sellers agreed to pay the broker a fixed commission for services rendered by him in the original transaction—likewise void and unenforcible under the statute, even though the broker produced the named purchaser and the latter was ready, able, and willing to complete the purchase upon the terms of the main agreement, but the sellers themselves refused to make the sale?

As indicated above, the appellant "seeks to present" the foregoing question. However, for reasons which will presently appear, the record in this case does not bring us to a consideration of that problem. Our conclusion is governed by the procedure shaped by the parties themselves in the superior court. We therefore state the case as presented in that court.

Appellant, G. B. Kinney, a sole trader doing business as Kinney Realty, filed in the superior court a complaint, the allegations of which, quoted indirectly, are as follows:

At all times mentioned in his pleading, appellant was a duly licensed real estate broker in the state of Washington. Respondents, Paul Sando and Esther Sando, husband and wife, were the owners of an improved tract of ground in King county, known as Blue Bird Auto Court, situated at the northwest corner of the intersection of highway No. 99 and south 144th street, in section 15, township 23 north, range 4 east, W. M. Prior to November 28, 1944, respondents employed appellant to procure a purchaser of the tract of ground at a sale price of forty thousand dollars, and agreed to pay appellant a commission of five per cent for his services. Appellant procured one R. B. Fosburgh, an individual ready, able, and willing to purchase the property, and introduced him to the respondents, who, in turn, conducted Fosburgh and the appellant over the premises and indicated the boundaries thereof. Thereafter, on November 28th, respondents and Fosburgh executed a contract in writing, which was delivered to, and accepted by, the appellant.

The written agreement, a copy of which was by reference made a part of the complaint, was upon a printed form of earnest money receipt furnished by a title insurance company in Seattle. It described the property by metes and bounds and set forth the terms of sale and purchase, calling for an earnest money payment of fifteen hundred dollars, a total purchase price of forty thousand dollars, a cash payment of fifteen thousand dollars, inclusive of the earnest money payment, at the close of the transaction, and a balance of twenty-five thousand dollars to be paid in monthly installments of four hundred dollars each, including interest at five per cent per annum. The instrument was signed by the respondents as sellers, by the appellant as their agent, and by Fosburgh as purchaser. Beneath their signatures appeared this subsidiary form of agreement, upon which appellant relies for recovery herein:

"Seattle, Washington, November 28th, 1944

"I HEREBY AGREE to the above sale and to all the foregoing terms and conditions and agree to pay KINNEY REALTY, as agent, commission of $2,000 or 5% for services.

"In the event earnest money receipted for is forfeited, I agree that said earnest money shall be apportioned to the agent and owner equally.      Paul Sando      Owner
"Esther Sando      Wife"

The complaint concluded with an allegation that respondents had failed, refused, and neglected to perform the terms of the contract and had refused to pay the commission, although payment had been frequently demanded of them. Wherefore, appellant prayed for judgment against the respondents in the sum of two thousand dollars, together with his costs and disbursements.

The respondents appeared in the action and filed a general demurrer to the complaint. The demurrer was overruled by one of the judges of the superior court other than the one before whom the cause later came on for trial. Respondents then filed their answer, in which, "without waiving their demurrer," they denied "each and every matter, allegation and thing" contained in the complaint. By way of affirmative defense, they further alleged that the pur-

ported earnest money receipt had been declared void by this court in the case of *Fosburgh v. Sando,* 24 Wn. (2d) 586, 166 P. (2d) 850, and that appellant herein was a witness in the trial of that action, had participated in the preparation thereof, and therefore was bound by that decision.

Appellant, in turn, denied each and every allegation contained in the affirmative defense.

In this condition of the pleadings, the cause came on regularly for trial before the judge from whose judgment this appeal was taken.

At the calling of the case for trial, counsel for appellant made a brief opening statement. This was followed by an answering statement made by counsel for respondents. At that point, the judge and counsel entered upon an informal discussion as to the law bearing upon the case, and several decisions from this court were cited and considered. Appellant's counsel took the position that, under those decisions, his client was entitled to recover upon his agreement with the respondents, as set forth above, regardless of the fact that the anterior agreement between respondents and Fosburgh had been declared void by this court. Respondents' counsel took the contrary position that appellant could not recover a commission until and unless a binding, enforcible contract between respondents and Fosburgh was effected; that the two agreements constituted a single, indivisible contract; and that, since the agreement of sale and purchase between respondents and Fosburgh was void, the entire written instrument composed of the two agreements was likewise void, permitting of no recovery by the appellant. The judge indicated a leaning toward respondents' position. Meantime, in the course of the disputation, respondents' counsel interposed an oral demurrer to the complaint, thereby formally presenting the question whether, under the law, the complaint stated a cause of action.

After an extended discussion, a recess was taken, with the understanding that the judge and counsel would, in the meantime, further consider the various cases that had been cited, as well as others that might be pertinent.

Upon resumption of the trial in the afternoon of the same day, argument continued along the same line and in the same manner as before, until the court announced that it would temporarily overrule the demurrer and permit appellant to put in his proof. To present the situation as the matter then stood, we quote directly from the statement of facts:

"MR. BURCH: Well, I understand, if your Honor please, that we are to go ahead with the hearing just the same as though the demurrer was overruled? That is the record, is it? THE COURT: Yes, insofar as you regard it necessary for you to prove any disputed fact in this case. If there isn't any disputed fact, there is no evidence to be offered, of course."

Appellant's counsel then and thereupon announced that he did not wish to proceed, but would stand on the complaint if the court would sustain a demurrer thereto. The court declined to make such ruling and stated that, in order to have the record complete, for consideration on a possible appeal, the appellant would be permitted to prove the facts essential to the establishment of his cause of action. Appellant's counsel again declined to proceed, asserting that it would be "simply a waste of time and expense," because of the court's previously expressed view of the law pertaining to the case. Confronted with that situation, the court, after reiterating its tentative view of the law, concluded that appellant could not recover upon his alleged agreement. Thus ended the trial.

Several days later, the court signed findings of fact and conclusions of law presented by respondents' counsel. Preceding the specific findings was a recitation to the effect that, although the court had indicated that it would overrule respondents' demurrer and allow appellant to proceed with such proof as he desired to make, appellant nevertheless declined to introduce any testimony whatsoever. The findings themselves merely recited that appellant had procured the signatures of the *respondents* to the earnest money receipt; that respondents thereafter refused to complete the sale provided for therein; and that an action

brought by the purchaser for specific performance of the original contract had failed for lack of sufficient description of the property involved. From these facts, as thus found, the court concluded that the earnest money receipt was void; that the provision therein with reference to paying appellant a commission was a dependent clause and an integral part of the earnest money receipt itself, and was not a promise to pay for services already rendered; and that, since the earnest money receipt was void, appellant's action should be dismissed. Judgment was rendered accordingly.

As stated above, respondents in their answer denied "each and every matter, allegation and thing contained in the complaint." The very first allegation in appellant's pleading was that, at all times here involved, he was a duly licensed real estate broker in the state of Washington. In order to maintain his action, it was necessary for appellant not only to allege that fact, but also to prove it. Rem. Supp. 1941, § 8340-48 [P.P.C. § 836-49]. *Grammer v. Skagit Valley Lbr. Co.*, 162 Wash. 677, 299 Pac. 376; *Irons Inv. Co. v. Richardson*, 184 Wash. 118, 50 P. (2d) 42. Accord: *Salisbury v. Alskog*, 144 Wash. 88, 256 Pac. 1030. Appellant did allege that fact, but, since it was denied, the burden was upon him to prove it. He might have proved it, but he did not do so, although he was given the opportunity by the court. On the contrary, he expressly refused to proceed with the necessary proof. For this reason alone, the action was properly dismissed.

It is true the court subsequently made findings of fact. These were not only unnecessary, but also improper, for there was no evidence, and there were no admissions, upon which such findings as a whole could be based. In any event, as appears above, there was no finding that appellant was a duly licensed real estate broker in the state of Washington. Moreover, the findings specifically recited that, respondents' demurrer having been overruled, appellant was permitted to proceed with his proof, but declined to do so. Whether we take the findings of fact into consideration, or whether we disregard them, the result is the same so far as appellant's situation is concerned.

Appellant's counsel seems to have been imbued with the idea that respondents' demurrer to his complaint had been sustained, or else that it was useless for him to proceed, under the expressed view of the court. Upon the first of these conclusions, counsel was mistaken, for the court very definitely stated that the demurrer would be "temporarily overruled," to allow appellant to proceed with the necessary proof. Upon his second conclusion, counsel assumed too much. It will be recalled that respondents' demurrer was originally overruled by the judge who first considered it. Although, in the informal discussion during the subsequent trial, the second judge expressed a view that might ultimately have led to a sustaining of the demurrer, nevertheless, had appellant put in his entire proof, he might on final argument have persuaded the court to rule that his complaint did state a cause of action, under the decisions of this court. At any rate, it was his duty to proceed in that manner. The situation illustrates the advisability of not taking too much for granted in the early stages of a trial, particularly when an issue of law is raised, informally discussed, but not at the time finally determined by the court.

For the reasons heretofore given, we do not reach the question presented by the briefs on appeal, but are compelled to dispose of the case upon the ground hereinbefore assigned.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, JEFFERS, and HILL, JJ., concur.