[Civ. No. 7575.   Third Dist.   Apr. 26, 1949.]

M. F. MALVICH, Respondent, v. W. M. ROCKWELL, Appellant.

Frank E. Kilpatrick, M. Durrant and Russell F. King for Appellant.

Pardee & Cady for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of $1,951.96, which was rendered against him for labor and materials furnished pursuant to an oral agreement of employment in the construction of a wharf on Almanor Lake.

The cause was tried by the court sitting without a jury. Findings were adopted favorable to the plaintiff. The court found that defendant orally hired plaintiff on March 29, 1947, to engage the necessary workmen, furnish the materials and

supervise the construction of a wharf on Almanor Lake at Almanor Inn; that defendant agreed to reimburse plaintiff for all necessary expenses incurred on that account and pay him a reasonable compensation for his services rendered; that plaintiff incurred and paid expenses on that account in the aggregate sum of $1,201.96; that the reasonable value of his services, at the rate of $3.00 per hour, amounted to the further sum of $741, no part of which was paid, and that defendant was indebted to plaintiff in the sum of $1,951.96. The court also found that plaintiff was not employed as a contractor. Judgment was rendered accordingly.

The appellant contends that the findings and judgment are not supported by the evidence, and that plaintiff is barred from recovering compensation because the evidence shows that plaintiff was employed and furnished labor and materials as an independent contractor, and that he held no license as a contractor as required by section 7031 of the Business and Professions Code.

We are of the opinion the findings and judgment are adequately supported by substantial evidence. There is no controversy regarding the value of the services performed, the expenses incurred or the materials furnished. Appellant's briefs on appeal are confined to his challenge of the sufficiency of the evidence to support the finding that plaintiff furnished labor and materials as an employee, and not as a contractor. The plaintiff concedes that he is not a contractor, and that he held no license as such. While the evidence is conflicting as to whether plaintiff acted in the capacity of a mere employee, and not as a contractor, we think there is sufficient evidence to support the finding that the services performed and the materials furnished, and the expenses incurred by plaintiff, were rendered as an employee and agent of the defendant, and not as an independent contractor.

Section 7031 of the Business and Professions Code provides:

"No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance or any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract."

The term "contractor" is defined in section 7026 of that code. In effect, it declares that any person who builds, repairs

or constructs any building or structure "in any capacity other than as the employee of another with wages as the sole compensation" therefor is deemed to be a contractor.

At the trial, the plaintiff and his wife were the only witnesses sworn or examined. The defendant adduced no evidence to rebut their testimony. The plaintiff worked in a logging camp near Lake Almanor, felling timber. He was not a contractor. He had never contracted to construct or repair buildings or structures of any character. The defendant owned and operated Almanor Inn on Lake Almanor in Plumas County. He was anxious to build a wharf for the convenience of his patrons. He and his managing agent, Mr. Alexander, talked with plaintiff in March, 1947, about constructing the wharf. They knew the plaintiff was not a contractor. He told them he was not a contractor and that he could not take the job on contract, but finally consented to act as their agent and to supervise the work for reasonable wages per hour. They said "they couldn't find anybody else to do it and [asked him] if he would supervise it," which he agreed to do. They asked him to get the necessary materials and workmen for them, which he did at no additional profit to himself. The plaintiff also agreed to keep the time of the workmen as an accommodation to them. The agent, Mr. Alexander, and the plaintiff prepared a "rough sketch" of the wharf to be built. The plaintiff ordered the materials and procured six or seven workmen who performed the labor. The piers were constructed of cedar logs. Some of the materials were charged to the Almanor Inn, and plaintiff advanced the cost of other materials. He paid for the compensation insurance. He also advanced the wages for some of the workmen in the aggregate sum of $660, which was repaid to him by the defendant. He advanced for materials the sum of $722.21, which was also later repaid. The balance of the money expended by plaintiff in behalf of the defendant was not paid. Plaintiff testified that "I kept the time [of workmen employed] and turned the time in to Mr. Alexander." The plaintiff received no profit or benefit whatever from his purchase of materials or the payment of wages of other workmen. The oral agreement contained no specifications for the construction of the wharf, other than the "rough sketch" supplied, nor of the aggregate cost of the wharf, nor the time within which it was to be completed. The plaintiff was to receive merely a reasonable compensation for his services as an agent, employee and supervisor of the work for the defendant. This suit was based

on a *quantum meruit* for services performed and materials supplied.

Regarding the oral agreement under which the services were performed, and the materials supplied, the plaintiff testified:

"They wanted to know if I was able to give them a price on the job and I told them I was not; not being a contractor, . . . . They wanted it done very badly and they wanted to know if I could apply some of my time to supervisory work and procuring the necessary materials. . . . I told them if possible I would try to find the time to do it, and I was merely to act as their agent, hire the men and see that it was done. . . . They said they would pay me any way I seen fit. I told them I would strictly take it as a supervisor and whatever was fair was what I would expect as wages on an hourly basis. . . . I was to receive my wages and any money I had to lay out to get the necessary material they would pay me back. . . ."

The plaintiff supervised the construction of about 300 feet of the wharf, but the wharf was not completed. The plaintiff did not perform his services as defendant's contractor. On the contrary, he performed his services and procured workmen and materials as defendant's employee and agent. There was no agreement he would be paid any specified sum except reasonable compensation as wages for services performed. He received no profit whatever on the materials purchased or the wages he paid to other workmen. He kept the time of the workmen's labor performed, and reported it to the defendant. The defendant paid some of the workmen, and a portion of the bills for materials furnished, but failed and refused to pay plaintiff's wages or the balance of expenses necessarily incurred by him. The defendant stopped the work before the wharf was completed and discharged the plaintiff. An itemized statement of the balance due plaintiff was served on the defendant, which he refused to pay. This suit in assumpsit was then commenced.

We are of the opinion the foregoing evidence adequately supports the findings and judgment of the court, based on the determination that defendant hired the plaintiff as an employee, and not as a contractor.

The facts of this case do not bring it within the inhibition of section 7031 of the Business and Professions Code. Nor do they necessarily fulfill the definition of a contractor as provided by section 7026 of that code. Fairly construed, the facts indicate that plaintiff was working for the defendant "with

wages as the sole compensation'' for services performed.

Where there is substantial evidence to support the finding that a relationship of employer and employee, or that of principal and agent, existed between the defendant and the plaintiff, that determination is controlling on appeal, even though there may be evidence of elements which would have reasonably supported a contrary decision. (*Washko* v. *Stewart*, 20 Cal.App.2d 347 [67 P.2d 144].) ■ Under such circumstances, the burden is on the defendant to rebut that evidence by proof that plaintiff was acting as an independent contractor. In the case of *Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46 [77 P.2d 836], in which the issue was whether the claimant's father was an employee or an independent contractor, an award, based on a finding, supported by conflicting evidence, that he was an employee was affirmed. The Supreme Court said that ''each case must turn upon its own peculiar facts''; that the burden rested upon the employer to show that the injured person was an independent contractor, and that, where the findings are supported by substantial evidence, or reasonable inferences to be drawn therefrom, ''even though the evidence be susceptible of opposing inferences, those findings will not be disturbed by an appellate tribunal.''

■ It is true that various tests are applied in determining the relationship of the parties in the employment, among which are the payment of wages, the right to hire and discharge the workman and to direct and control the operations. (*Schaller* v. *Industrial Acc. Com.*, *supra*.) But many other circumstances may properly be considered in determining the relationship. (*Perguica* v. *Industrial Acc. Com.*, 29 Cal.2d 857, 860 [179 P.2d 812] ; 56 C.J.S. § 3 (2), p. 45.) Other factors to be considered include the question as to whether the alleged contractor is carrying on an independent business as such, the manner and terms upon which the compensation is to be paid, the duration and conditions of employment, the question as to whether the employer may terminate the employment without cause at any time, and whether or not the parties believed they were creating a relationship of employer and employee. In the Perguica case, *supra*, the court said, '' 'An employee may quit, but an independent contractor is legally obligated to complete his contract.' ''

■ Applying some of the foregoing tests to the present case, we find ample support of the finding that the services were performed and the materials furnished by plaintiff ''as an employee of defendant, with wages as his sole compensa-

tion.'' Plaintiff testified that it was so understood by respective parties. Plaintiff was not a contractor, but a mere timber workman. While plaintiff procured the workmen, he reported the time of their employment to the defendant who paid a portion of their wages. The materials which were obtained by plaintiff were partially paid for by the defendant who recognized his liability therefor. After plaintiff had constructed 300 feet of the wharf, but before it was completed, the defendant terminated his employment. While it is true there is a lack of evidence to show that the defendant actually directed the workmen in the manner of their performance, the reasonable inference is that he had a right to do so. The defendant offered no evidence to rebut that inference. We conclude that the evidence is sufficient to support the findings and judgment.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.