[No. 33960.   Department Two.   April 15, 1957.]

NATIONAL INDEMNITY COMPANY, INC., *Respondent*, v. SMITH-GANDY, INC., *et al.*, *Appellants.*[1]

[1]Reported in 309 P. (2d) 742.

*Martin, Shorts & Bever,* for appellant Smith-Gandy, Inc.

*Evans, McLaren, Lane, Powell & Beeks,* for appellant LaBow, Haynes Company, Inc.

*Joseph D. Holmes,* for respondent.

SCHWELLENBACH, J.—National Indemnity Company, Inc., is a Nebraska corporation. Through its general agent, the Northwest General Agency, Inc., it carries on a general insurance business in Seattle, and in the course of its business it issues public liability policies.

Smith-Gandy, Inc., is engaged in the automobile sales business in Seattle. LaBow, Haynes Company, Inc., is engaged in the insurance sales and brokerage business in Seattle.

June 7, 1955, at 3:15 o'clock p. m., Pacific Standard Time, Andrew D. Hawley, representing LaBow, Haynes Company as Smith-Gandy's broker, telephoned Richard F. Nowak, representing Northwest General Agency, with reference

to the issuance of what is known as "Drive-Away" coverage in connection with a Ford truck belonging to Smith-Gandy, which was then in transit from Detroit to Seattle. Mr. Hawley asked if the coverage could be back-dated to the start of the trip. Mr. Nowak said that that could not be done and that the coverage would commence as of that time—3:15 p. m. He asked Mr. Hawley to substantiate that by letter. The next morning, at nine o'clock a. m., Mr. Nowak received a letter from Mr. Hawley, which stated in part:

"This will confirm our telephone conversation whereas you have bound coverage on:
  "V-8, F600, 154″ X & C, Motor No. F60Z5H 64989 Ford— Value—$2,283.91
effective at 3:15 P. M. June 7th, 1955 with limits as follows: . . ."

Upon receipt of the letter, Mr. Nowak instructed his secretary to issue the policy. The general policy was for one year, "From June 7, 1955 to June 7, 1956," following which statement was printed: "12:01 A. M. Standard Time." Attached to the policy was endorsement No. 3, which insured the particular vehicle in question for a fifteen day period "effective from June 7, 1955," under which was printed "(12:01 A. M. Standard Time)." At no place in the policy or endorsement is there any statement that either the policy or the endorsement shall become effective at 3:15 p. m., June 7, 1955. (At the trial, for reasons which will be later understood, defendants objected to any question, the answer to which would tend to vary the terms or conditions of the written contract which was entered into between the parties.)

At about 7:35 p. m. June 7th, Mr. Gandy first learned that the automobile covered by endorsement No. 3 was involved in an accident near Minot, North Dakota, which occurred at about 4:15 p. m. Central Standard Time (about 2:15 p. m. Pacific Standard Time). Mr. Nowak first learned of the accident on June 10th.

As a result of the accident, an action was commenced in North Dakota against Smith-Gandy, seeking damages in the

sum of two hundred thousand dollars. Defense of the action was tendered to the insurance company, and was refused. September 28, 1955, Mr. Nowak wrote to Mr. Gandy, giving his reasons for such refusal. It was based upon failure to comply with the following provisions of endorsement No. 2 of the policy (which also, by its terms, became effective from June 7, 1955, at 12:01 A. M. Standard Time):

"DECLARATION AND TERMS OF COVERAGE. DECLARATION OF EACH AUTOMOBILE TO BE INSURED UNDER THIS POLICY SHALL BE MADE BY THE INSURED BY REPORTING TO THE COMPANY IN WRITING A FULL DESCRIPTION OF EACH SUCH AUTOMOBILE, INCLUDING ITS COST TO THE INSURED, THE PLACE OF PURCHASE, THE DATE OF PURCHASE AND SUCH OTHER INFORMATION AS THE COMPANY MAY REQUIRE. THE INSURANCE OF EACH SUCH AUTOMOBILE SHALL BE IN EFFECT ON THE DATE THE DECLARATION OF SUCH AUTOMOBILE IS MAILED TO THE COMPANY BUT NOT PRIOR TO THE DATE OF THE PURCHASE OF THE AUTOMOBILE BY THE INSURED AND SHALL CONTINUE IN EFFECT NOT MORE THAN FIFTEEN DAYS FROM THE DATE OF PURCHASE AND NOT BEYOND THE DATE AND TIME SUCH AUTOMOBILE SHALL ARRIVE AT THE ADDRESS OF THE INSURED AS SHOWN IN ITEM 1 OF THE DECLARATIONS OF THIS POLICY.

"THE UNITED STATES POST OFFICE POSTMARK ON THE DECLARATION MAILED TO THE COMPANY WITH RESPECT TO EACH AUTOMOBILE TO BE INSURED HEREUNDER SHALL CONSTITUTE CONCLUSIVE EVIDENCE AS TO THE DATE ON WHICH INSURANCE ON EACH AUTOMOBILE IS EFFECTIVE. DECLARATIONS WITH RESPECT TO THE AUTOMOBILES TO BE INSURED HEREUNDER SHALL BE MAILED TO NATIONAL INDEMNITY COMPANY OF OMAHA, NORTHWEST GENERAL AGENCY, INC., 822 THIRD AVENUE, SEATTLE 4, WASHINGTON.

"BURDEN OF PROOF OF MAILING NOTICE OF ANY AUTOMOBILE TO BE INSURED SHALL BE UPON THE INSURED, AND A POSTAL RECEIPT OF MAILING NOTICE TO THE COMPANY STAMPED BY THE POST OFFICE (FORM #3817 REV 9-37) SHALL BE SUFFICIENT EVIDENCE OF MAILING. FAILURE TO FURNISH SUCH PROOF SHALL BE ABSOLUTE DEFENSE AGAINST CLAIM UNDER THIS POLICY."

He contended that there was no coverage of the particular automobile until the telephone conversation of 3:15 p. m. June 7th as substantiated by Mr. Hawley's letter.

The complaint in this action alleged the telephone conversation of June 7, 1955, at 3:15 o'clock p. m. Pacific Standard Time; the letter of confirmation; and the accident

occurring at 2:15 p. m. Pacific Standard Time on June 7, 1955. A copy of the policy and endorsement was attached to, and by reference, made a part of the complaint. Plaintiff prayed for a declaratory judgment holding that the policy was not in force and effect at the time of the accident, and that the plaintiff was not obligated to the defendants as a consequence of the accident.

The defendants affirmatively alleged that the policy, by its terms, became effective on June 7, 1955, at 12:01 a. m. Standard Time. They prayed for a declaratory judgment adjudicating that the policy was in full force and effect at the time of the accident.

After trial, the court concluded that the policy did not cover the automobile in question at the time of the accident, but became operative one hour after the accident happened, and entered judgment accordingly. This appeal follows.

■ In cases involving liability insurance, the insurance company's right to a judicial declaration under the declaratory judgment law, of liability or nonliability upon the happening of an accident, has been fully recognized by the courts, and the courts have the power to determine questions of fact when necessary or incidental to the declaration of legal relations. *Trinity Universal Ins. Co. v. Willrich*, 13 Wn. (2d) 263, 124 P. (2d) 950, 142 A. L. R. 1, and cases cited therein.

■ At the outset we are confronted with the well-established rule, for which no citation of authorities is necessary, that parol evidence is not admissible to vary the terms of a written instrument. Here the policy, and all of the endorsements thereto, state the effective date thereof to be June 7, 1955, at 12:01 A. M. Standard Time. That was before the accident occurred. At no place does the time "3:15 o'clock P. M. Pacific Standard Time" occur.

Some contention is made that Mr. Hawley's letter of confirmation was a "Declaration" and became a part of the policy, thus creating an ambiguity as to the effective time. We find nothing in the policy which would make the declaration a part thereof. No cases were cited supporting such a

contention. The state insurance code, § 18.19, chapter 79, Laws of 1947, p. 366 [*cf.* RCW 48.18.190], provides:

"No agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy."

We must hold that the telephone conversation and the letter of confirmation did not change the terms of the policy subsequently issued.

The basis for the trial court's conclusion that the policy did not cover the automobile in question at the time of the accident is found in findings Nos. VI and VII:

"VI.  That the said policy provided, among other things, that in order to make the insurance on any automobile acquired by the defendants effective under the terms of the policy, it would be necessary for the defendants to report to the plaintiff company in writing a full description of each such automobile with a complete description thereof.  That the policy further provided that such report or declaration, as it is termed in the policy, in order to make such insurance effective on any particular automobile, must be mailed to the company and that the post office postmark upon the mailed declaration would be evidence of the date on which the said insurance would be effective.  The said policy further provided that the burden of proof of mailing of any such declaration shall be on the insured.

"That there was no such declaration other than Hawley's letter of June 7, 1955, referred to in Paragraph IV hereof, mailed to the company by the defendants or received by the plaintiff company prior to the accident involving the said automobile hereinafter described."

"VII.  That the said policy, when written on June 8, 1955, was written on a printed form in general use by the company upon which, under the date inserted by typewriter, was printed the language '(12:01 A. M. Standard Time)'.  That the said language was also printed under the date line on endorsement number three referring to the particular automobile involved here, and on a further endorsement number two A dated June 23, 1955, referring to a clarification in the definition of the term 'automobile.'  That insofar as the express agreement as to the coverage on the above described automobile, the said printed language '(12:01 A. M. Standard Time)' had no significance."

■ Under endorsement No. 2, the company could have refused to insure the automobile in question until the provisions thereof were fully complied with. However, it did insure the automobile when it attached endorsement No. 3 (containing all of the information required by endorsement No. 2) to the policy and made it a part thereof. By so doing, it waived the requirements contained in endorsement No. 2. The company insured this automobile, effective from June 7, 1955, at 12:01 a. m. Standard Time. The policy covering this automobile was in effect at the time of the accident.

■ As to finding No. 7, the printed language on endorsement No. 3, as to the effective date of coverage on the truck in question, is unambiguous. As we have pointed out above, the terms of the written policy cannot be varied by parol evidence. The trial court erred in finding and concluding that the time stated in endorsement No. 3 had no significance.

■ In its brief, respondent asks that the policy be reformed because of mutual mistake, by making it effective as of 3:15 p. m. Pacific Standard Time, June 7, 1955. If the judgment of the trial court is based upon an erroneous ground, it will be sustained if correct on any ground within the pleadings and established by the proof. *Ennis v. Ring,* 49 Wn. (2d) 284, 300 P. (2d) 773; *Ferris v. Blumhardt,* 48 Wn. (2d) 395, 293 P. (2d) 935. However, this court will not review a case on a theory different from that on which it was tried in the trial court, and questions not raised in that court will not be considered on appeal. *Capper v. Callahan,* 39 Wn. (2d) 882, 239 P. (2d) 541. In this case, neither reformation nor mutual mistake was within the pleadings. The issue was not presented to nor considered by the trial court.

The judgment is reversed and remanded, with direction to dismiss respondent's action and to enter judgment for appellants, declaring that the policy was in full force and effect at the time of the accident.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

June 5, 1957. Petition for rehearing denied.