[No. 41171. En Banc. July 2, 1970.]

ARCHIE STEWART, *Appellant*, v. JACK HAMMOND *et al.*, *Respondents.**

*Reported in 471 P.2d 90.

*C. Orno Shoemaker,* for appellant.

*S. Dean Arnold,* for respondents.

STAFFORD, J.—This is an appeal from a judgment of dismissal entered on respondents' motion at the end of appellant's case.

Archie Stewart, the appellant, lived in Lewiston, Idaho and pursued the trade of carpentry both in Idaho and nearby Clarkston, Washington. During the time here involved he was not registered as a contractor pursuant to RCW 18.27.

The respondents, Mr. and Mrs. Hammond, engaged appellant to make minor repairs and alterations to their home in Clarkston. It was orally agreed that appellant would furnish all labor and procure material necessary for the undertaking. Appellant was to be reimbursed for his actual costs and paid an hourly wage for his personal labor. As frequently happens, the job expanded into a major project. During the 9 weeks that followed, appellant made numerous purchases of materials, hired four helpers, and employed several other contractors to perform specialty services.

As the work progressed, respondents made partial payments from which appellant paid for the materials and labor as agreed. However, when appellant submitted his final statement for $2,405.81, respondents felt it was excessive and refused to pay more than $1,800. Appellant filed a claim of lien for the balance and brought this action to foreclose the lien.

The trial court granted respondents' motion to dismiss at the end of appellant's case because of his failure to allege and prove that he was registered as a contractor.[1]

---

[1] RCW 18.27.080 provides:

"*No person* engaged in the business or acting in the capacity of a contractor *may bring or maintain any action* in any court of this state

The trial court also found that appellant was not relieved from compliance by RCW 18.27.090(15).[2]

The sole issue presented by 7 of appellant's 10 assignments of error is whether his lack of registration precludes recovery.

The trial court held that funds received by appellant for the payment of laborers, specialty contractors and materialmen were "compensation" in excess of wages. It concluded that appellant was not entitled to the benefit of RCW 18.27.090(15). On the other hand, appellant contends that "reimbursement" for out-of-pocket expenses is not "compensation", citing *State ex rel. Todd v. Yelle,* 7 Wn.2d 443, 110 P.2d 162 (1941). Continuing with the argument, appellant asserts that the balance of funds received by him consisted of "wages as his sole compensation" and thus RCW 18.27.090(15) exempted him from the operation of the "contractor registration" law.

[1] It is not necessary for us to resolve the issue posed by appellant. Contrary to his suggestion, RCW 18.27.090(15) does not exclude *all* persons who receive "wages as their sole compensation". One must be an employee in order to receive the benefit of the exclusion.

Appellant classified himself as "self-employed" and as a "sole proprietorship" in his federal income tax returns. He made his own provision for social security and self-employment taxes rather than having them withheld by an employer. No payroll relationship common to wage earners existed between appellant and respondents. He performed his work in the pursuit of an independent business as he

---

*for the collection of compensation for the performance of any work or for breach of any contract for which registration is required* under this chapter *without alleging and proving that he was a duly registered contractor* at the time he contracted for the performance of such work or entered into such contract." (Italics ours.)

[2]RCW 18.27.090.
"This chapter shall not apply to:
". . .
"(15) Any person who engages in the activities herein regulated . . . as an *employee* with wages as his sole compensation; . . ." (Italics ours.)

had done for 23 years. He undertook to repair, add to, and improve the respondents' building. Nevertheless, appellant suggests that these factors are not sufficient to classify him as an "independent contractor."

■ The common law definition of "independent contractor" is not applicable because a specific statutory definition has been adopted. Furthermore, foreign authority is not helpful because little uniformity exists in either the content or application of the various "contractor registration" statutes.[3] Each case rests on its own peculiar fact pattern or its own unique statutory language.

■ Clearly, appellant was a "contractor" within the meaning of RCW 18.27.010:

> A "contractor" . . . is any person . . . who . . . in the pursuit of an independent business undertakes to . . . construct, alter, repair, add to, subtract from, improve . . . for another, any building . . . or other structure . . . attached to real estate or to do any part thereof . . . or works in connection therewith; . . .

Inasmuch as appellant falls within the specific language of the statutory definition, he is not entitled to the exclusionary benefit of RCW 18.27.090(15). It is expressly limited to "employees".

■ RCW 18.27, *et seq.*, was designed to prevent the victimizing of a defenseless public by unreliable, fraudulent and incompetent contractors, many of whom operated a transient business from the relative safety of neighboring states. Public protection was sought by the registration and bonding of contractors. RCW 18.27.020-.040 inclusive. Noncompliance was discouraged by providing a criminal penalty, RCW 18.27.020, and by denying offenders access to the courts for collection of compensation for performance of work or for breach of contract. RCW 18.27.080. Having failed to comply with a statute designed for protection of the public, appellant must abide the consequences of that failure even though it is not contended that he performed the contract improperly.

---

[3] Annot., 19 A.L.R.3d 1407 (1968).

Appellant suggests that he be permitted to recover despite the statutory prohibition. He argues that respondents have received that for which they contracted; that enforcement of the statute as written will cause him an undue forfeiture; and that it will result in an undue enrichment of respondents.

█ The statute was designed for protection of the public. The overriding public policy must not be defeated by an attempt to accommodate one who has violated its specific provisions, albeit unwittingly.[4] The law will be nullified if noncomplying contractors are permitted to evade the statute by a claim of "unwitting violation" or "undue loss" or by a claim that the other contracting party will be "unduly enriched". Every noncomplying contractor could raise one or all of the suggested defenses. The remedy for those who find themselves in the position of appellant lies with the legislature.

Appellant's remaining assignments of error relate to the trial court's rejection of his proposed findings of fact 2, 3, 4 and 5. None were set out verbatim in his brief as required by ROA I-43. The assignments of error will not be considered. *El Cerrito, Inc. v. Ryndak,* 60 Wn.2d 847, 376 P.2d 528 (1962).

The trial court is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, and HAMILTON, JJ., concur.

NEILL, J. (concurring)—This action to foreclose a labor and materialman's lien under RCW 60.04 brings into issue the applicability of the contractor's registration act (RCW 18.27) as a bar to the action.[5] Plaintiff was not registered

---

[4]We have previously held that an unlicensed person cannot recover under a contract where such service was of the type for which an occupation license is required. *Shorewood, Inc. v. Standring,* 19 Wn.2d 627, 144 P.2d 243 (1943); *Kinney v. Sando,* 28 Wn.2d 252, 182 P.2d 45 (1947), both of which interpret RCW 18.85.100. *Meyer v. Simpson,* 34 Wn.2d 486, 209 P.2d 294 (1949) interpreted RCW 18.08.010, since repealed by Laws of 1959, ch. 323, § 19, p. 1579. *Also see* the cases collected in Annot., 82 A.L.R.2d 1429 at 1440 (1962).

[5]Although the lien statute permits other, personal actions (RCW 60.04.180), none have been asserted. Neither does plaintiff seek reim-

under the act and had made no attempt to comply with the requirements thereof.

At the conclusion of plaintiff's case the trial court granted defendants' motion to dismiss. In so doing, he weighed the evidence and entered findings of fact. CR 41(b)(3); *see N. Fiorito Co. v. State,* 69 Wn.2d 616, 419 P.2d 586 (1966). It is clear from the record that the dismissal was based on findings that plaintiff was a contractor within the terms of RCW 18.27.010 and that plaintiff was not an "employee with wages as his sole compensation" for the reason that reimbursement for materials and other labor constituted compensation.

Where the trial court has weighed the evidence our function is to determine whether there is substantial evidence to support his findings and, if so, whether those findings support the conclusions of law and judgment. *Enterprise Timber, Inc. v. Washington Title Ins. Co.,* 76 Wn.2d 479, 457 P.2d 600 (1969). Further, it is settled principle that the trial court will be affirmed if there is any theory to support the judgment even though we may disagree with the basis enunciated by the trial court. *National Indem. Co. v. Smith-Gandy, Inc.,* 50 Wn.2d 124, 309 P.2d 742 (1957). Guided by these principles, I concur in the majority's affirmance even though I am not in agreement with its reasoning. The considerations involved in the interpretation of the contractor's registration act are of sufficient importance to belabor the bar with my reasons for disagreeing with the approach taken by the trial court and the majority of this court.

As the majority observes, the contractor's registration act (RCW 18.27) has a beneficent purpose. However, it also imposes a criminal penalty (RCW 18.27.020) and limits the right of a citizen to earn a living and go about his business without government interference in fields of endeavor characterized by the personal labor of the individual en-

---

bursement for material and labor expenses incurred for the benefit of the defendants as a separate matter, independent of compensation for his work.

gaged in common crafts (as distinguished from the professions and crafts wherein a license is granted following some testing of skill or is granted following some educational or training prerequisite). Such burdens should not be inflicted by the courts except where the legislature has clearly and constitutionally imposed them. *See Marble v. Clein,* 55 Wn.2d 315, 317-18, 347 P.2d 830 (1959), and authorities cited therein; *People v. Moss,* 33 Cal. App. 2d (Supp.) 763, 87 P.2d 932 (1939).

The majority states that the factual question is to be resolved simply by reference to the definition of "contractor" in RCW 18.27.010.[6] In applying that section, the majority infers that, once a person acts as a "contractor" in his general business, he cannot be an "employee" on a particular job. I disagree with both the statement and the inference.

In relevant part, RCW 18.27.010 reads:

> A "contractor" . . . is any person . . . who . . . in the pursuit of an independent business undertakes to . . . construct, alter, repair, . . .

As I read it, the above subsection neither seeks nor manages to achieve a substitute for our traditional means of ascertaining whether a given party in a given situation occupies the status of employee or independent contractor. The subsection is a limitation, not a definition. It limits the statute's applicability to those who, in the pursuit of an independent business, engage in the enumerated activities. But who is a "person . . . in the pursuit of an independent business"? That essential term is not defined in the statute—a fact which leaves the courts to common law considerations. In effect, the statute limits its scope to a portion of the larger group of independent contractors under common law, and does nothing to alter or supplant the considerations

---

[6]The majority also states, in passing, that foreign authority is not helpful. That statement must be understood in context. Foreign authority is not always persuasive because the definitional sections are usually applied *ad hoc* with each case turning on its own facts. However, there are substantive facets of this act as to which foreign authority, construing similar language, may be of significant assistance.

which define that larger group. Thus, contrary to the majority's assertion, the common law definition of independent contractor *is* applicable. Indeed, it is the only means available by which the courts can identify a "person . . . in the pursuit of an independent business."

The trial court found (1) that plaintiff was a contractor and (2) that he was not an employee with wages as his sole compensation because reimbursement for materials and other labor expenses constituted compensation other than wages. Although I view the latter finding to be contrary to the principles enunciated in *State ex rel. Todd v. Yelle,* 7 Wn.2d 443, 110 P.2d 162 (1941), the issue is not determinative of this case. As I will point out, if the trial court's finding that plaintiff was a contractor within the terms of the act is correct, the second finding becomes unnecessary.

The majority reaches the conclusion that plaintiff was a contractor within RCW 18.27 based on two factors extrinsic to that statute: (1) the plaintiff reported himself as "self-employed" on his federal income tax returns, and (2) plaintiff did not have self-employment and social security taxes withheld by those for whom he worked. Since defendants were to pay plaintiff by the hour, the majority's further statement that the payroll relationship between them was not common to wage earners must be a conclusion based upon the two stated factors, as is the conclusion that plaintiff performed his work in the pursuit of an independent business. While it is essential that factors outside the terms of the statute be considered in testing the status of the worker, I do not agree with the inference that the factors relied upon are conclusive.

The factors relied upon by the majority can be supplied by any worker who, in his general business, acts as an independent contractor. However, these factors, while relevant evidence of intent, are not determinative of a worker's specific status on a particular job. We have previously stated that the question of whether one is an employee or an independent contractor, in a given situation, depends to a large degree upon the facts and circumstances of the particular transaction and the context in which they must be

considered. *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966). One can be an independent contractor as to one relationship on a particular project and an employee as to another relationship on a different project.

The majority's reasoning seems to be that RCW 18.27.010 renders such "given situation" analysis unnecessary. I disagree. There is nothing in the statute to support it; and I perceive no valid reason in principle for locking a worker into his prior or general status when the factors present in the case at hand evidence a different relationship.

I believe that the correct approach is first to determine whether the worker—under the facts and circumstances of the particular relationship—has acted as an independent contractor or as an employee.[7] Then inquiry turns to the statute. If the worker is identified as an independent contractor, it must be determined whether he engaged in the activities enumerated in RCW 18.27 for which registration is required and, if so, whether he either has alleged and proved his registration or is excused from this requirement by an exclusion under RCW 18.27.090.

Plaintiff claims the status of an "employee with wages as his sole compensation," and thus within the exclusion provided by RCW 18.27.090(15). One must be an employee in order to invoke that exclusion. But the majority, in specifying plaintiff's status without analyzing the particular relationship at hand, has failed to observe an important point: A given worker cannot, as to the same relationship and at the same time, occupy both the status of independent contractor and that of employee. Thus, if the trial court's finding that plaintiff has acted here as an independent contractor is correct, the possible applicability of exclusion from the requirements of the act under RCW 18.27.090(15) is thereby and simultaneously negated.

Returning then to the point on this appeal, the question is whether the trial court's finding that plaintiff was, in

---

[7]*Cf., Malvich v. Rockwell,* 91 Cal. App. 2d 463, 205 P.2d 389 (1949); and *People v. Wickliff,* 144 Cal. App. 2d 207, 300 P.2d 749 (1956), for similar approach under a comparable statute.

this situation, a contractor is supported by substantial evidence. The several factors to be considered in determining whether one is an employee or an independent contractor have been set forth in *Hollingbery v. Dunn, supra,* at 80:

In determining, in a given situation, whether one performs services for another as an employee or as an independent contractor, there are several factors or elements which should be taken into consideration. These are listed in Restatement (Second), Agency § 220(2) (1958), as follows:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

All of the factors listed are of varying importance in making the determination. With the exception of the element of control, however, it is not necessary that all remaining factors be present, for no one factor is conclusive and, in the final analysis, all directly or indirectly relate to, or inferentially bear upon, the crucial factor of control or right of control resident in the employer or principal. *Miles v. Pound Motor Co., supra.* [10 Wn.2d 492, 117 P.2d 179 (1941).] It is sufficient, then, if enough of the remaining factors are present, in favorable force, to permit an appropriate determination of whether or not the employer or principal exercised or retained any

right of control over the manner, method, and means by which the work involved was to be performed and the desired result was to be accomplished.

Here, the record, though barely adequate, does contain facts from which can be drawn an inference that, though defendants were usually nearby and directing that various things be done, plaintiff was in control of the physical manner and method by which these jobs would be accomplished. As to factor (b) of *Hollingbery*, plaintiff, a carpenter, was engaged in a distinct occupation from that of defendant, a school teacher. As to other factors: (d) plaintiff's work for defendants required the special skills of a carpenter and builder, (e) plaintiff supplied his own tools, (f) plaintiff was hired for only the length of time it took to complete the project, (h) the work involved was not a part of defendants' regular business, and (j) defendants, in their dealings with plaintiff, were not "in business" but acted as private parties.

The record provides ample support for the trial court's finding that plaintiff was an independent contractor in his relationship to the defendants. No other questions are raised in this appeal. Accordingly, I agree with the result reached by the majority although, as previously discussed, I disagree with its reasoning.

HALE and McGOVERN, JJ., concur with NEILL, J.