[No. 22739-1-III. Division Three. April 5, 2005.]

JESSE CERRILLO ET AL., *Respondents*, v. CIPRIANO ESPARZA ET AL., *Appellants*.

*Ryan M. Edgley* (of *Edgley & Beattle*), for appellants.

*Blanca E. Rodriguez* (of *NW Justice Project*), for respondents.

¶1 BROWN, J. — The Washington Minimum Wage Act (MWA), chapter 49.46 RCW, exempts farm employers from paying overtime compensation in limited circumstances. The question today is whether Esparza Truck, Inc., a commercial carrier fulfilling contracts with processors to haul agricultural commodities from farms to the processors, fits within the limited circumstances of RCW 49.46.130-(2)(g)(ii). It does not. Therefore, we affirm the trial court's summary judgment grant of overtime compensation plus interest and double damages against Esparza Truck and its owners Cipriano and Dominga Esparza in favor of the truck driver employees Jesse Cerrillo, Guadalupe Solis, Angel Diaz, Alfredo Beltran, and Jose Saucedo.

## FACTS

¶2 The employees worked for Esparza Truck as drivers between 1999 and 2001. During the relevant times, the Esparzas operated a trucking business hauling agricultural products to fulfill contracts with processors Twin City Foods and Baker Produce. The drivers picked up produce from various Washington farmers for delivery to processors. Esparza Truck admits the drivers worked over 40 hours per week without receiving overtime compensation.

¶3 On February 4, 2002, the drivers sued for damages, seeking overtime compensation, alleging noncompliance with the MWA and breach of contract. Esparza Truck

answered that under the MWA it was exempt because it was an agricultural employer. The drivers requested partial summary judgment on the MWA issue. Judge Michael W. Leavitt concluded Esparza Truck "was not an agricultural employer pursuant to R.C.W. 49.46.130(2)(g)(ii) dealing with the agricultural exemption and was not exempt from paying overtime." Clerk's Papers (CP) at 17. Judge C. James Lust later entered a judgment in favor of the drivers for stipulated wages, double damages, and interest. This appeal followed.

## ANALYSIS

¶4 The issue is whether the trial court erred in concluding Esparza Truck was not an agricultural employer entitled to an overtime wage exemption under RCW 49-.46.130(2)(g)(ii) and granting partial summary judgment to the employees.

■ ¶5 We review a trial court's summary judgment order de novo. *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 630, 71 P.3d 644 (2003). We engage in the same inquiry as the trial court. *Id.* A motion for summary judgment is properly granted where no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. CR 56(c).

¶6 Here, no material facts are disputed. Esparza Truck admits it did not pay overtime wages, but contends it did not violate the overtime provisions of the MWA because it is exempt from the obligation to pay overtime wages since its employees were hauling agricultural products.

¶7 Washington's baseline overtime-wage provision requires an employer to compensate an employee "for a work week longer than forty hours . . . at a rate not less than one and one-half times the regular rate at which he is employed." RCW 49.46.130(1). Subsection (2) details the exemptions, with (g)(ii) in issue as follows:

*This section does not apply to:*

. . . .

(g) *Any individual employed* (i) on a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and furbearing animals and wildlife, or in the employ of the owner or tenant or other operator of a farm in connection with the operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment; or (ii) in packing, packaging, grading, storing or *delivering* to storage, or *to market or to a carrier for transportation to market, any agricultural or horticultural commodity*; or (iii) commercial canning, commercial freezing, or any other commercial processing, or with respect to services performed in connection with the cultivation, raising, harvesting, and processing of oysters or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption.

RCW 49.46.130(2)(g) (emphasis added).

■ ■ ¶8 Our Supreme Court has directed courts construing the MWA "to heed the 'terms and spirit' of the Act overall and of the individual exemption at issue." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 911 (9th Cir. 2003) (quoting *Drinkwitz v. Alliant Techsys., Inc.*, 140 Wn.2d 291, 301, 996 P.2d 582 (2000)), *cert. granted*, 125 S. Ct. 1292 (2005), "The 'spirit' of Washington's labor code is plainly employee-protective." *Alvarez*, 339 F.3d at 911. Thus, we construe exemptions narrowly. Further, under Washington law, we generally defer to an agency's interpretation of a state statute if the law is within the agency's expertise. *Port of Seattle v. Pollution Control Hearings Bd.*, 151 Wn.2d 568, 595, 90 P.3d 659 (2004) (citing *Dep't of Ecology v. Pub. Util. Dist. No. 1*, 121 Wn.2d 179, 849 P.2d 646 (1993), *aff'd*, 511 U.S. 700, 114 S. Ct. 1900, 128 L. Ed. 2d 716 (1994)).

¶9 The employees submitted declarations from Department of Labor and Industries employees showing the Department's interpretation of RCW 49.46.130(2). For example, Richard A. Ervin, a program manager for the Department's employment standard division, declared that

under Department policy, "a trucking company that transports agricultural products the company has not itself grown and produced . . . would be required to pay overtime." CP at 126.

¶10 Elaine Fischer, an industrial relations specialist, declared the Department consistently took the position "RCW 49.46.130(2)(g) applied only to employees working for an agricultural employer." CP at 118. Ms. Fischer declared she personally applied this policy in 1995 and 1997, and related that the Department formalized the policy in written form in January 2002. Per the Department's policy for interpreting RCW 49.46.130(2), an agricultural worker is defined as one who works on a farm, is employed in packing or processing, or delivers agricultural products "as long as the work is performed for an employer who is the producer of the product." CP at 118.

¶11 In *Alvarez*, the Ninth Circuit analyzed whether a meat production employer was exempt from Washington's overtime wage provisions under the "agricultural exemption" of RCW 49.46.130(2)(g)(ii). The court relied on the Department's policy interpretation, which was provided by some of the same individuals who submitted declarations in this case. The *Alvarez* court held "the district court did not err in determining that the Washington Supreme Court would likely hold that the agricultural exemption is inapplicable to the IBP packing plant employees." *Alvarez*, 339 F.3d at 912.

¶12 Similarly, we defer to the Department's interpretation of RCW 49.46.130(2)(g) because it narrowly exempts overtime payments to persons working for farmers "in . . . delivering to . . . market or to a carrier for transportation to market, any agricultural or horticultural commodity." RCW 49.46.130(2)(g)(ii). The MWA plainly differentiates between persons working for farmers by hauling farm commodities and persons who drive for carriers that work for nonfarmers. Esparza Truck, Inc., is a carrier transporting farm commodities to discharge its contracts with the processors; it is not a person employed by the farmer or the

farmer's agent. Moreover, merely hauling agricultural commodities to qualify for a RCW 49.46.130(2)(g)(ii) exemption would endlessly broaden the exemptions contrary to the legislative design. Therefore, we conclude a person working for a farmer delivering farm products "to market or to a carrier for transportation to market" is exempt under RCW 49.46.130(2)(g)(ii).

¶13 In sum, Esparza Truck, Inc., does not qualify for an MWA agricultural exemption because it did not produce the foods transported by its employees. Accordingly, the trial court did not err in granting summary judgment to the employees.

¶14 Affirmed.

KATO, C.J., concurs.

¶15 SWEENEY, J. (dissenting) — I fear that the Department of Labor and Industries and the majority read this statutory exception to the Washington Minimum Wage Act (RCW 49.46.130) in a way they wished it read. But they do not read it in the way in which it was written by the legislature.

¶16 Here is what the statute says in relevant part:

This section does not apply to:

. . . .

(g) *Any* individual employed (i) . . . (ii) . . . delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity.

RCW 49.46.130(2)(g) (emphasis added).

¶17 Where the words used in a statute are unambiguous, we derive the legislature's intent from the language of the statute alone. *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002). No one suggests that this statute is ambiguous in a way that would require our resort to the legislative history, the purpose of the statutory scheme, or some other judicial device to determine its meaning. *Id.* at

21. And the plain meaning here accommodates Cipriano Esparza's trucking operation.

¶18 But even if I place this particular part of the statute (RCW 49.46.130(2)(g)(ii)) in the larger context, it only reinforces my reading of the exception. The previous subpart (RCW 49.46.130(2)(g)(i)) specifically covers any individual employed on a *farm*. It follows then that the portion of the exemption being asserted by Mr. Esparza (RCW 49.46.130(2)(g)(ii)), which makes no reference to individuals employed on a farm, would not require employment on a farm or distribution from a farm in order to assert this exception to the Minimum Wage Act, as both the majority and the Department of Labor and Industries concludes.

¶19 I would enforce the clear language to this exception to the Washington Minimum Wage Act and reverse the decision of the trial court.

Reconsideration denied May 19, 2005.

Review granted at 156 Wn.2d 1010 (2006).