[No. 77283-5.   En Banc.]
Argued May 18, 2006.    Decided August 31, 2006.

JESSE CERRILLO ET AL., *Respondents*, v. CIPRIANO ESPARZA ET AL., *Petitioners*.

*Ryan M. Edgley* (of *Edgley & Beattle*), for petitioners.

*Blanca E. Rodriguez* (of *NW Justice Project*), for respondents.

*Robert M. McKenna, Attorney General, Jay D. Geck, Senior Counsel,* and *Amanda J. Goss, Assistant,* on behalf of Department of Labor and Industries, amicus curiae.

*Kenneth J. Pedersen, Neil I. Ditchek,* and *Sarah Riger* on behalf of International Brotherhood of Teamsters, amicus curiae.

*William J. Rutzick, David N. Mark,* and *Jesse A. Wing* on behalf of Washington Employment Lawyers and Washington State Labor Council, amici curiae.

*Brendan V. Monahan* on behalf of Yakima Valley Growers-Shippers Association, amicus curiae.

¶1 FAIRHURST, J. — Petitioners, Esparza Truck, Inc., and its owners (Esparza),[1] challenge a Court of Appeals decision affirming a grant of partial summary judgment to the respondent truck drivers (truckers) for unpaid overtime wages under the Washington Minimum Wage Act (MWA), chapter 49.46 RCW. Esparza asserts that the plain language of RCW 49.46.130(2)(g)(ii), part of the MWA, exempts

---

[1] Except where noted, "Esparza" refers collectively to Esparza Truck, Inc., and its owners. Additionally, although the petitioners identify their company as "Esparza Trucking, Inc.," that is a misnomer. The correct legal name of the company is "Esparza Truck, Inc.," and respondents obtained an order clarifying that the judgment applied to Esparza Truck, Inc. Order Correcting Misnomer on Jan. 2, 2004 Judgment.

the company from the requirement to pay overtime wages because the truckers transport agricultural commodities. Esparza argues that because the plain language of the statute is not ambiguous, it was improper for the Court of Appeals to consider an informal agency interpretation of the statute and to employ other methods of statutory construction in affirming the grant of partial summary judgment. The truckers argue that RCW 49.46.130(2)(g)(ii) is ambiguous and that deferral to the Department of Labor and Industries' (DLI) interpretation was proper.

¶2 We hold that RCW 49.46.130(2)(g)(ii) is not ambiguous and that the plain language of the statute renders the truckers exempt from the overtime wage requirement. Because the statute is not ambiguous, it was improper for the Court of Appeals to defer to DLI's interpretation of the statute. Therefore, we reverse the grant of partial summary judgment affirmed by the Court of Appeals and remand this case for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

¶3 Neither Esparza nor the truckers dispute the material facts of this case. Esparza Truck, Inc., maintained contracts to haul agricultural commodities—potatoes for Twin City Foods and apples and asparagus for Baker Produce. From 1998 until 2001, Esparza employed the truckers to pick up the agricultural commodities from locations in the Columbia Basin and haul them to Twin City Foods and Baker Produce, who packaged and shipped them.[2] Esparza admits that the truckers worked more than 40 hours per week and that the company did not pay them overtime. Esparza also admits that the company did not grow the agricultural commodities the truckers trans-

---

[2] The truckers do not contest the facts asserted by Esparza, except that the truckers argue that the record does not establish precisely where the truckers picked up the agricultural commodities or whether the truckers worked during the actual growing season. Resp't's Answer to Pet. for Review at 1. However, RCW 49.46.130(2)(g)(ii) does not specify any requirements for pickup location or season of work. The truckers do concede that they picked up apples from an orchard field for about a month in 1999. *Id.*

ported. In January 2002, DLI issued a policy statement that interpreted RCW 49.46.130(2)(g)(ii) as applying only to individuals who work "for an employer who actually produces the products." Br. of Resp'ts, App. 6, at 8.

¶4 The truckers filed a claim against Esparza for unpaid overtime wages and breach of contract. The trial court granted the truckers' subsequent motion for partial summary judgment on the issue of unpaid overtime wages and awarded the truckers double damages. Esparza appealed and the Court of Appeals affirmed the trial court, with one judge dissenting. *Cerrillo v. Esparza*, 126 Wn. App. 723, 109 P.3d 475 (2005). In its decision, the court deferred to DLI's interpretation of RCW 49.46.130(2)(g)(ii), which construed the statute to apply only to employees working directly for farmers. *Id.* at 727-28. We granted Esparza's subsequent petition for review. *Cerrillo v. Esparza,* noted at 156 Wn.2d 1010 (2006).

## II. ISSUE

¶5 Whether the plain language of RCW 49.46.130(2)(g)(ii) exempts the truckers from the overtime wage requirement.

## III. ANALYSIS

### Standard of Review

■ ■ ¶6 Esparza contends that, under RCW 49.46-.130(2)(g)(ii), the truckers were exempt from the overtime wage requirement and that the Court of Appeals erred by affirming the trial court's order granting the truckers partial summary judgment for unpaid overtime wages. This court reviews issues of statutory interpretation de novo. *Agrilink Foods, Inc. v. Dep't of Revenue*, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005). We also review orders granting summary judgment de novo. *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wn.2d 291, 295, 996 P.2d 582 (2000) (citing *Marquis v. City of Spokane*, 130 Wn.2d 97, 104-05,

922 P.2d 43 (1996)). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Here, there are no genuine issues of material fact because Esparza concedes that the truckers worked more than 40 hours per week and that the company did not pay the truckers overtime wages. We need consider only whether the truckers were exempt from the overtime wage requirement as a matter of law.

A.    Plain language analysis reveals RCW 49.46.130(2)-(g)(ii) is not ambiguous

¶7  RCW 49.46.130(1), part of Washington's MWA, outlines the general requirement that employers must pay overtime wages:

> Except as otherwise provided in this section, no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

RCW 49.46.130(2) contains the exceptions to this general rule, including an exemption for "[a]ny individual employed . . . (ii) in packing, packaging, grading, storing or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity." RCW 49.46.130(2)(g)(ii).[3] Esparza asserts that the truckers fall under this exemption and that, as a result, Esparza was

---

[3] The full text of RCW 49.46.130(2)(g) provides:

This section does not apply to:

 . . . .

   (g) Any individual employed (i) on a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and furbearing animals and wildlife, or in the employ of the owner or tenant or other operator of a farm in connection with the operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment; or (ii) in packing, packaging, grading, storing or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; or (iii) commercial canning, commer-

not required to compensate the truckers with overtime wages.

■■■ ¶8 In order to ascertain the meaning of RCW 49.46.130(2)(g)(ii), we look first to its language. If the language is not ambiguous, we give effect to its plain meaning. "If a statute is clear on its face, its meaning is to be derived from the language of the statute alone." *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002) (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). If a statute is ambiguous, we employ tools of statutory construction to ascertain its meaning. A statute is ambiguous if it is " 'susceptible to two or more reasonable interpretations,' but 'a statute is not ambiguous merely because different interpretations are conceivable.' " *Agrilink*, 153 Wn.2d at 396 (quoting *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996)). This court does not subject an unambiguous statute to statutory construction and has "declined to add language to an unambiguous statute even if it believes the Legislature intended something else but did not adequately express it." *Kilian*, 147 Wn.2d at 20 (citing *Keller*, 143 Wn.2d at 276; *Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 904, 949 P.2d 1291 (1997)). "Courts may not read into a statute matters that are not in it and may not create legislation under the guise of interpreting a statute." *Kilian*, 147 Wn.2d at 21 (footnote omitted) (citing *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 114 Wn.2d 677, 688, 790 P.2d 604 (1990) and *Associated Gen. Contractors of Wash. v. King County*, 124 Wn.2d 855, 865, 881 P.2d 996 (1994)). Thus, when a statute is not ambiguous, only a plain language analysis of a statute is appropriate.

¶9 Esparza argues that RCW 49.46.130(2)(g)(ii) is not ambiguous and that this court should consider only whether the plain language of the statute exempts the

cial freezing, or any other commercial processing, or with respect to services performed in connection with the cultivation, raising, harvesting, and processing of oysters or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption.

truckers. As Esparza notes, the Court of Appeals did not first look to the language of the statute to determine whether it was ambiguous. Instead, the court exceeded the bounds of plain language analysis by considering DLI's interpretation to support its conclusion that "merely hauling agricultural commodities to qualify for a RCW 49-.46.130(2)(g)(ii) exemption would endlessly broaden the exemptions contrary to the legislative design." *Cerrillo*, 126 Wn. App. at 729. The Court of Appeals then concluded by extension that "a person working for a farmer delivering farm products 'to market or to a carrier for transportation to market' is exempt under RCW 49.46.130(2)(g)(ii)." *Id.* at 729 (quoting RCW 49.46.130(2)(g)(ii)). Esparza contends that the plain language of subsection (ii) does not make this distinction, and instead "expressly exempts 'any individual' employed to deliver agricultural commodities to storage." Pet. for Review at 10.

¶10 This court has previously recognized that "[e]xemptions from remedial legislation, such as the MWA . . . are narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation." *Drinkwitz*, 140 Wn.2d at 301 (citing *Knecht v. City of Redwood City*, 683 F. Supp. 1307, 1310 (N.D. Cal. 1987)). Additionally, while traditional plain language analysis of statutes focused exclusively on the language of the statute, this court recently has also recognized that "all that the Legislature has said in the statute and related statutes" should be part of plain language analysis. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). However, we also maintained that "resort to aids to construction," such as legislative history, is appropriate only after a determination that a statute is ambiguous. *Id.* at 12. Here, the Court of Appeals did not look only to RCW 49.46.130(2)(g)(ii) and related statutes to glean legislative intent, but rather employed an informal agency interpretation to construe the statute without first determining that the statute was ambiguous. As a result, the Court of Appeals erred.

¶11 A plain language analysis of RCW 49.46-.130(2)(g)(ii) indicates that the statute is not ambiguous and that the truckers were exempt from the overtime wage requirement. Subsection (ii) is preceded by the phrase "any individual employed" without further qualification. RCW 49.46.130(2)(g). The use of the word "any" does not support an interpretation that the statute applies only to a subset of truckers who work for farmers. In *Stahl v. Delicor of Puget Sound, Inc.*, 148 Wn.2d 876, 879, 64 P.3d 10 (2003), this court considered whether the retail sales exemption (RSE), RCW 49.46.130(3), to the overtime wage requirement encompassed employees who did not make sales directly. We noted that in the RSE "the legislature used the term 'any' to modify 'employee,' and Washington courts have consistently interpreted the word 'any' to mean 'every' and 'all.' By phrasing the statute in such a way, the legislature has provided that all employees of a service and retail establishment can be paid under the RSE." *Id.* at 884-85 (citation omitted). Therefore, the use of the word "any" indicates that the statute applies to all employees who deliver agricultural commodities, not just those who work for farmers.

¶12 The truckers argue that the Court of Appeals opinion proves that RCW 49.46.130(2)(g)(ii) is ambiguous because the statute is susceptible to two different interpretations. However, the statute is not susceptible to more than one interpretation without the importation of additional language into the statute. As Esparza notes, "[t]he importation by the Court of Appeals of a limitation contrary to the express language of the statutory exemption, is the identical error that was made by the Court of Appeals in *Stahl*." Pet. for Review at 11. Adding the requirement that the employees work directly for the farmer "would result in a strained interpretation of the statute, and the court would then be engaging in legislation." *Kilian*, 147 Wn.2d at 27. For a statute to be ambiguous, two reasonable interpretations must arise from the language of the statute itself, not from considerations

outside the statute. It was error for the Court of Appeals to resort to outside interpretations of RCW 49.46.130(2)(g)(ii) without first considering whether the statute was ambiguous. As a result, it would be error for this court to consider the Court of Appeals' interpretation of the statute, which was based entirely on tools of statutory construction, as a basis for finding that RCW 49.46.130(2)(g)(ii) is ambiguous.

¶13 The truckers also argue that the statute is ambiguous because it may be read both disjunctively and conjunctively. However, the structure of the statute clearly signals a disjunctive reading. RCW 49.46.130(2)(g) is divided into three subsections enumerated (i), (ii), and (iii), and separated by semicolons and the word "or." This court has consistently read clauses separated by the word "or" and a semicolon disjunctively. *See, e.g., Concerned Ratepayers Ass'n v. Pub. Util. Dist. No. 1 of Clark County*, 138 Wn.2d 950, 959-60, 983 P.2d 635 (1999); *State v. Bolar*, 129 Wn.2d 361, 366, 917 P.2d 125 (1996) (in interpreting statutory language, "or" serves a disjunctive purpose and does not mean "and").

¶14 Moreover, a reading of all three subsections of RCW 49.46.130(2)(g) confirms that the legislature specified the requirement that the individual must be employed "on a farm" only in relation to subsection (i) of the statute. RCW 49.46.130(2)(g)(i) ("Any individual employed (i) on a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity . . . ."). If the legislature had intended that the entirety of RCW 49.46.130(2)(g) apply only to the employees of farmers, the legislature could have included similar language in each of the subsections. Or, alternatively, the legislature could have placed the language "on a farm" immediately following the phrase "[a]ny individual employed," preceding the three subsections. However, this court must interpret the statute as written and not add or move language, even if we believe the legislature intended a different result. *See Kilian*, 147 Wn.2d at 20.

¶15 The truckers argue that RCW 49.46.130(2)(g) should not be read disjunctively and should instead be read as "a continuum of activities that farmers engage in to operate their farms, beginning at cultivating the soil and ending with the sale at the initial market." Resp'ts' Answer to Pet. for Review at 5. The truckers contend that if the legislature had intended the statute to be read disjunctively, it would have placed a colon after the phrase "[a]ny individual employed." *Id.* at 6. However, the truckers provide no authority for their assertion that a colon is necessary for a disjunctive reading. The truckers assert that their reading again proves that the statute is ambiguous because their reading is a second, reasonable interpretation of the statute. However, the truckers' reading is not reasonable because it is unsupported by any authority and contradicts this court's long history of reading statutes structured like RCW 49.46.130(2)(g) disjunctively.

¶16 The truckers argue that further proof that the statute should not be read disjunctively is that subsection (iii) does not make sense using a disjunctive reading. *Id.*; RCW 49.46.130(2)(g)(iii) ("Any individual employed . . . (iii) commercial canning . . . ."). However, the truckers fail to acknowledge that subsection (iii) also does not make sense using a conjunctive reading. The truckers also argue that a disjunctive reading would render subsection (iii) too broad in scope because any individual employed in commercial processing would be exempt from the overtime wage requirement. However, the truckers do not point to any language in RCW 49.46.130(2)(g) or related statutes that indicates such an interpretation is contrary to legislative intent. The truckers' arguments in relation to subsection (iii) are irrelevant because the text of that provision does not negate the principle that RCW 49.46.130(2)(g) should be read disjunctively and because the meaning of subsection (iii) is not an issue presented by this case.

¶17 Because RCW 49.46.130(2)(g)(ii) is not ambiguous, a plain language analysis of the statute begins and ends this court's inquiry. "Where statutory language is

plain and unambiguous, courts will not construe the statute but will glean the legislative intent from the words of the statute itself, regardless of contrary interpretation by an administrative agency." *Agrilink*, 153 Wn.2d at 396 (citing *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 752, 888 P.2d 147 (1995); *Wash. Fed'n of State Employees v. State Pers. Bd.*, 54 Wn. App. 305, 309, 773 P.2d 421 (1989)). Thus, we conclude that it was improper for the Court of Appeals to defer to DLI's interpretation and to employ other methods of statutory construction.[4]

B.    Under a plain language analysis, the truckers meet the definition of employees who are exempt from the overtime wage requirement

¶18 The truckers also argue that even under Esparza's interpretation of RCW 49.46.130(2)(g)(ii), they do not meet the definition of employees who are exempt from the overtime wage requirement. Initially, we note that these alternate reasons why the truckers do not meet the definition of exempt employees were not the basis on which the trial court granted partial summary judgment.[5] Because we are reviewing the order of partial summary judgment, it is questionable whether these arguments are properly before us. However, for the sake of thoroughness, we consider the truckers' arguments because they suggest that additional interpretations of RCW 49.46.130(2)(g)(ii) are possible.

---

[4] Esparza identifies an additional issue in this case, which is "[w]hether the lower courts can defer to . . . an agency interpretation of [DLI] that was not put in writing or published in the Washington Administrative Code." Pet. for Review at 3. We hold that it was improper for the Court of Appeals to defer to DLI's interpretation because the statute at issue was unambiguous. Therefore, we decline to reach the issue of whether it was improper to consider an agency's interpretive statement for other reasons.

[5] The order granting plaintiffs' motion for partial summary judgment makes the conclusion of law that "[d]efendant was not an agricultural employer pursuant to RCW 49.46.130(2)(g)(ii) dealing with the agricultural exemption and was not exempt from paying overtime under this provision." Clerk's Papers (CP) at 17. Thus, the trial court concluded that the truckers did not work for an agricultural employer, which the court determined was a requirement of the overtime wage requirement, and granted partial summary judgment to the truckers on that basis. As a result, the trial court did not consider whether the truckers failed to qualify for the exemption for other reasons.

■ ¶19 First, the truckers argue that the inclusion of the language "delivering . . . to a carrier for transportation to market" in RCW 49.46.130(2)(g)(ii) necessarily means that the truckers are not covered by the exemption. Under the maxim expressio unius est exclusio alterius (the inclusion of one thing implies the exclusion of others), the truckers argue that a "carrier" is necessarily not included in the exemption because "the legislature implicitly chose to end the subsection (ii) exemption at the point where the farmer transfers the product to the carrier." Suppl. Br. of Resp'ts at 5. However, a plain language analysis of the statute does not indicate that the legislature chose to end the exemption at that point, particularly when the statute also covers "delivering to storage, or to market," and nothing in the statute implies that this might not be accomplished by a "carrier." RCW 49.46.130(2)(g)(ii).

■ ¶20 Second, the truckers argue that they did not deliver "to storage, or to market, or to a carrier for transportation to market." Suppl. Br. of Resp'ts at 5 n.5; Br. of Appellant at 20-21. The truckers argue that they were not "delivering to storage" because "Baker Produce and Twin City Foods package and ship their product after it is hauled to them." Br. of Appellant at 20. The record does not reflect the extent of time that the agricultural commodities remained in the Baker Produce or Twin City Foods facilities. However, the common definition of "storage" as "a place for storing" does not include a time element. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2252 (2002). Also notable, is that *Webster's* uses "granaries and other unheated crop" storage as an example of context for the word. *Id*. Finally, even if the Baker Produce and Twin City Foods facilities did not constitute "storage" because the companies immediately packed and shipped the agricultural commodities, then the truckers would have been delivering to "a carrier for transportation to market."

## IV. CONCLUSION

¶21 We hold that RCW 49.46.130(2)(g)(ii) is not ambiguous and that the plain language of the statute exempts the truckers from the overtime wage requirement. It was improper for the Court of Appeals to defer to an informal agency opinion and other tools of statutory construction without first considering whether the statute was ambiguous. Thus, we reverse the grant of partial summary judgment affirmed by the Court of Appeals and remand for further proceedings.[6]

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, and J.M. JOHNSON, JJ., concur.

---

[6] The order granting plaintiffs' motion for partial summary judgment also drew the conclusion of law that "[d]efendants at no time had a compensation system in place that included reasonably equivalent overtime wages after 40 hours of work pursuant to RCW 49.46.130(2)(f) and WAC 296-128-012." CP at 17. Because we hold that the truckers are exempt from the overtime wage requirement under RCW 49.46.130(2)(g)(ii), Esparza need not have employed a reasonably equivalent overtime wage compensation system under RCW 49.46.130(2)(f).