Honorable Judy Schurke Director, Department of Labor Industries PO Box 44000 Olympia, WA 98504-4000
Dear Director Schurke:
By letter previously acknowledged, you have requested our opinion on two questions, which we paraphrase as follows:
 1. Does RCW 49.46.020(4)(b) require the Department of Labor and Industries to increase the minimum wage solely on the basis of an increase in the CPI-W[1] as compared to the previous year?
 2. Assume: (a) the CPI-W reached a peak and then decreases because of an economic recession; (b) the current minimum wage was calculated using that peak value of the CPI-W and was not reduced even though the CPI-W subsequently decreased; and (c) the CPI-W has stopped its decline and begun to increase, but the CPI-W to be used for calculating the 2011 minimum wage remains below the previous peak value. Does RCW 49.46.020(4)(b) require the Department of Labor and Industries to increase the minimum wage for 2011 because the CPI-W increased, or does the statute permit the Department to leave the minimum wage at its current level until the CPI-W increases beyond the earlier peak value?
 [original page 2]
 BRIEF ANSWER
To your first question, we answer no. RCW 49.46.020(4)(b) does not require the Department of Labor and Industries to increase the minimum wage every time the CPI-W increases, without regard to the actual cost of living reflected by the CPI-W or its pattern of increases and decreases over time.
In response to your second question, we read RCW 49.46.020(4)(b) to bar the Department from reducing the minimum wage when the CPI-W declines. The Department, therefore, must hold the minimum wage steady until the CPI-W regains its lost value. Once the CPI-W reaches the index value on which the existing minimum wage calculation is based, RCW 49.46.020(4) requires the Department again to respond to increases in the CPI-W by increasing the minimum wage rate.
 BACKGROUND
In 1998, Washington voters enacted Initiative 688, relating to the state minimum wage. Before that initiative, RCW 49.46.020(1) set the minimum wage at $4.90 per hour. Laws of 1993, ch. 309, § 1. Initiative 688 raised the minimum wage to $5.70 per hour for calendar year 1999, and then to $6.50 per hour for calendar year 2000. Laws of 1999, ch. 1, § 1 (amending RCW 49.46.020). The initiative provided for further increases in the minimum wage to be set administratively by the Department, beginning in 2001.
Directions for calculating increases in the minimum wage rate are set out in RCW 49.46.020(4)(b), which was added by Initiative 688:
 On September 30, 2000, and on each following September 30th, the department of labor and industries shall calculate an adjusted minimum wage rate to maintain employee purchasing power by increasing the current year's minimum wage rate by the rate of inflation. The adjusted minimum wage rate shall be calculated to the nearest cent using the consumer price index for urban wage earners and clerical workers, CPI-W, or a successor index, for the twelve months prior to each September 1st as calculated by the United States department of labor. Each adjusted minimum wage rate calculated under this subsection (4)(b) takes effect on the following January 1st.[2]
RCW 49.46.020(4)(b) imposes a specific mandate on the Department: Use the federal the CPI-W to calculate, to the nearest cent, the "adjusted minimum wage rate" in Washington. The Department is directed to make this calculation on September 30 of each year, using the CPI-W for the twelve months prior to September 1 of that year. Because CPI-W data are
[original page 3]
released monthly, about two weeks after the reference period, [3] the Department calculates annual changes in the CPI-W for the twelve-month period ending August 31 of each year. The new adjusted minimum wage rate takes effect the following January 1. RCW 49.46.020(4)(b).
The CPI-W is a number representing current cost of living by reference to a designated standard, the "index base period," which is assigned a value of 100. A 36-month period in 1982-1984 currently is designated the index base period.[4] In 2007, the CPI-W was approximately 200, indicating that the cost of living in 2007 was approximately twice that in 1982-1984.[5] The change in this index over time is a measure of the rate of inflation. As referenced in RCW 49.46.020(4)(b), the rate of inflation is the percentage difference between the CPI-W for the current year and the CPI-W for the previous year.[6]
Your question arises because, as you explain in your letter to us, the cost of living, as measured by the CPI-W, decreased between August 2008 and August 2009. Because the language of Initiative 688 refers only to increasing the minimum wage (RCW 49.46.020(4)(b)), the Department did not decrease the minimum wage for 2010. You ask what adjustment, if any, to the state minimum wage the Department should make for 2011 if data due to be released soon shows that the CPI-W increased between August 2009 and August 2010, but not all the way back up to the August 2008 level. We conclude that RCW 49.46.020(4)(b) instructs the Department to hold the minimum wage steady until the CPI-W regains its lost value; when the CPI-W rises above the August 2008 level, RCW 49.46.020(4) will require a responsive increase in the state minimum wage rate.
 ANALYSIS
Your questions are closely related, and we set forth our analysis of both questions together. We begin by carefully examining the language employed by the drafters of Initiative 688, now codified as RCW 49.46.020.
When interpreting a statute, we look first to the plain and ordinary meaning of the language used by the legislature. Tingey v.Haisch, 159 Wn.2d 652, 657, 152 P.3d 1020 (2007);
[original page 4]
 Cerrillo v. Esparza, 158 Wn.2d 194, 201, 142 P.3d 155 (2006). We look also to the statutory context in which the language is found, including related provisions and the statutory scheme as a whole.Tingey, 159 Wn.2d at 657. We consider the general object to be accomplished by the statute and the consequences that would ensue if the statute is read in a particular way. In re Custody of E.A.T.W.,168 Wn.2d 335, 343-44, 227 P.3d 1284 (2010). If the statute's meaning is plain on its face, we give effect to that plain meaning as an expression of legislative intent. Tingey, 159 Wn.2d at 657. A statute is not ambiguous merely because one can conceive of different interpretations.In re Custody of E.A.T.W., 168 Wn.2d at 344; Agrilink Foods,Inc. v. Dep't of Revenue, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005). If the plain language is susceptible to more than one reasonable interpretation, however, then a court will employ principles of statutory construction to resolve the ambiguity. Tingey,159 Wn.2d at 657; Cerrillo, 158 Wn.2d at 201. Ambiguous statutory language should be construed in the manner that "best advances the perceived legislative purpose." Wichert v. Cardwell,117 Wn.2d 148, 151, 812 P.2d 858 (1991). Because RCW 49.46.020(4)(b) was created through an initiative by the people, legislative intent is derived, not from the legislature, but from published discussion of the initiative. Washington State Republican Party v. Pub. DisclosureComm'n, 141 Wn.2d 245, 280, 4 P.3d 808 (2000). All the language used in the statute is given effect so that no portion of the statute is meaningless or superfluous. Cockle v. Dep't ofLabor Indus., 142 Wn.2d 801, 809, 16 P.3d 583 (2001); WhatcomCnty. v. City of Bellingham,128 Wn.2d 537, 546, 909 P.2d 1303 (1996).
RCW 49.46.020(4)(b) imposes several specific requirements on the Department's calculation of the adjusted minimum wage. Some of these requirements are clear on their face or otherwise not implicated in your questions: The calculation is to be made on September 30 of each year to take effect the following January 1, it is to be calculated to the nearest cent, and the rate of inflation used to make the calculation is determined from the percentage change in the CPI-W over the twelve months prior to September 1 of that year. However, three requirements in RCW 49.46.020(4)(b) are ambiguous when read together. The statute directs the Department to (1) use the CPI-W to calculate the adjusted minimum wage rate in Washington (2) to maintain employee purchasing power (3) by increasing the minimum wage rate by the rate of inflation. The requirement to use the CPI-W implies that minimum wage is to follow the CPI-W as it increases or decreases each year. However, the statute directs that the minimum wage rate is to be adjusted byincreasing it by the rate of inflation, without any corresponding reference to a decrease in the minimum wage should deflation occur. Moreover, the explicit objective to be met, by adjusting the minimum wage rate, is to maintain employee purchasing power, not to increase it or decrease it over time. These three requirements —use the CPI-W, maintain employee purchasing power, increase the minimum wage rate by the rate of inflation — are in tension with one another, and that tension is not resolved by the plain language of the statute.
RCW 49.46.020(4)(b) directs the Department to use the CPI-W to calculate the adjusted minimum wage rate, but it does not set out specific mathematical instructions as to how the minimum wage is to be calculated using the CPI-W. Read in isolation, the most logical reading of this direction would be to calculate the minimum wage rate as a direct function of the CPI-W value. Using this approach, the minimum wage rate would simply fluctuate up and down in
[original page 5]
response to the CPI-W. For convenience, we refer to this method of calculating the adjusted minimum wage rate as "direct calculation," because of the direct mathematical relationship between CPI-W value and the minimum wage rate. As illustrated in Figure 1, the minimum wage would decline where the CPI-W declines (between time A and time B), presumably in response to a weakening economy; the minimum wage would then increase as the CPI-W begins to increase again (beginning at time B), presumably in response to a rebounding economy.

 Figure 1. Graphical illustration of "direct calculation," in which adjusted minimum wage rate is calculated as a direct mathematical function of the CPI-W. Time A marks the beginning of a decline in the CPI-W in response to a period of economic decline. Time B marks the point at which the CPI-W begins to rise again as the economy recovers.
The direct calculation method of determining the adjusted minimum wage rate is consistent with the language in RCW 49.46.020(4)(b), directing the Department to use the CPI-W to calculate the minimum wage rate, but it does not address the language requiring the Department tomaintain employee purchasing power by increasing the current year's minimum wage rate by the rate of inflation. To "maintain" means to "preserve from failure or decline" or to "keep up." Webster's ThirdNew International Dictionary 1362 (2002).[7] To maintain employee purchasing power, therefore, implies a minimum wage that corresponds to the cost of living, rising and falling with increases or decreases in the cost of living. However, the use of the word "increasing" implies a "progressively greater" (Webster's Third New InternationalDictionary 1146 (2002)) minimum wage rate, rather than a minimum wage rate that fluctuates up or down as the CPI-W fluctuates. In other words, the plain language of RCW 49.46.020(4)(b) appears to withhold authority from the Department to reduce the minimum wage, even where the CPI-W declines — even where employee purchasing power would be maintained at a lower minimum wage because of the lower cost of living.
[original page 6]
Consequently, the direct calculation method of determining the adjusted minimum wage rate is not consistent with RCW 49.46.020(4)(b). Although it maintains employee purchasing power because it tracks the cost of living, direct calculation would allow the adjusted minimum wage rate to decline, contrary to the statutory direction that the minimum wage is to be increased by the rate of inflation, without any reference to decrease for a rate of deflation.
The language of RCW 49.46.020(4)(b) therefore seems to mandate that the CPI-W must be used as a one-way ratchet when calculating the adjusted minimum wage rate: If the CPI-W increases, the adjusted minimum wage rate would be increased; but the adjusted minimum wage rate would not be decreased if the CPI-W decreases. For convenience, we refer to this method of calculating the adjusted minimum wage rate as "ratcheted calculation."
The legislative history of RCW 49.46.020(4)(b) partially supports this interpretation. As presented to the voters in the 1998 Voters Pamphlet, the assumption underlying Initiative 688 was that the consumer price index would uniformly increase. This assumption is reflected in the attorney general's statement of the effect of Initiative 688 if approved into law: "Beginning January 1, 2001, the minimum wage would be adjusted each year by the state department of labor and industries byincreasing the previous year's minimum wage by the rate of inflation."[8] Both the proponents and opponents of Initiative 688 also appear to have assumed only a uniform increase in minimum wage if the initiative passed. According to the proponents, "Initiative 688 raises our state minimum wage to $5.70/hour in 1999 and to $6.50/hour in 2000. Subsequently, the minimum wage would automatically be adjusted for the rising cost of living."[9] The opponents responded that "[a] 32% increase in the state minimum wage now and unlimited increases in the future will have a direct impact on the family budget of every Washington citizen."[10] The opponents also referred to "automatic wage hikes" brought about by the initiative.[11] Neither the attorney general's statement, nor those of the proponents and opponents, referenced any possibility that the minimum wage could be reduced if the consumer price index declined.
The concept of ratcheted calculation gives effect to two of the three ambiguous requirements in RCW 49.46.020(4)(b): It uses the CPI-W to calculate minimum wage and does not allow the minimum wage to decrease. To give effect to the third requirement — maintaining employee purchasing power — we need to examine how a ratcheted calculation responds where the CPI-W declines (as occurred in response to the economic recession that began in the early autumn of 2008) and then subsequently increases (as economic conditions improve). In that
[original page 7]
circumstance, there are two logical approaches for determining when the adjusted minimum wage rate should start increasing again. Because the legislative history uniformly reflects an assumption that the cost of living, as measured by the CPI-W, will rise over time, that history provides no assistance in choosing between these alternatives.
In the first alternative, which we refer to as "increase-ratcheted calculation," the adjusted minimum wage rate is increased whenever the CPI-W has increased in value over the statutory 12-month period, without regard to the actual cost of living reflected by the CPI-W or its pattern of increases and decreases over time. As illustrated in Figure 2, the minimum wage would stay flat when the CPI-W declines (between time A and time B) and increase whenever the CPI-W is improving (before time A or after time B). Employees are protected from a decline in minimum wage during periods when CPI-W (and the economy) is declining (between time A and timeB). Beginning at time B, however, when the CPI-W rebounds, the minimum wage increases in response — even though holding the current minimum wage rate steady while the CPI-W declined effectively increased employees' purchasing power, rather than simply maintaining it. The dark-shaded area shows how this increase-ratcheted calculation effectively resets the adjusted minimum wage rate at a higher level with respect to the CPI-W, permanently increasing the minimum wage beyond that presumed necessary to "maintain employee purchasing power," as specified in RCW 49.46.020(4)(b).

 Figure 2. Graphical illustration of adjusted minimum wage rate using "increase-ratcheted calculation," in which minimum wage increases whenever the CPI-W increases. Time A marks the beginning of a decline in the CPI-W in response to a period of economic decline. Time B marks the point at which the CPI-W begins to rise again as the economy recovers. The minimum wage rate effectively is reset at time B to a higher level relative to the CPI-W than was present at time A.
This approach to calculating the adjusted minimum wage rate effectively resets the minimum wage at a higher level with respect to the CPI-W each time the CPI-W falls and then recovers. In other words, the dark-shaded area representing the increase in the minimum wage
[original page 8]
above the indexed cost of living would become larger each time the CPI-W declines and rebounds, even if there were no long-term upward trend in the cost of living, as shown in Figure 3.

 Figure 3. Graphical illustration of adjusted minimum wage rate using "increase-ratcheted calculation" where the CPI-W fluctuates over time. When the CPI-W decreases (times marked as A), the minimum wage is not changed. Whenever the CPI-W increases over the statutory 12-month period, the minimum wage is increased in response. The minimum wage rate effectively is reset to a higher level relative to the CPI-W each time the CPI-W begins to rise again. Over time, the adjusted minimum wage rate increases faster than the cost of living (which is measured by the CPI-W).
Accordingly, an increase-ratcheted calculation of adjusted minimum wage rate complies with the statutory directions to use the CPI-W and to avoid decreasing the minimum wage, but it fails to comply with the direction to maintain employee purchasing power. RCW 49.46.020(4)(b). Increase-ratcheted calculation results in an increase in employee purchasing power during each decline and recovery of the CPI-W, each time effectively changing the mathematical relationship between minimum wage and CPI-W. Over time, employee purchasing power increases faster than the cost of living.[12]
In the second alternative, which we refer to as "index-ratcheted calculation" the adjusted minimum wage rate is not increased until actual value of the CPI-W has returned to the level it had reached before it declined. As illustrated in Figure 4, the minimum wage would stay flat when the CPI-W declines (beginning at time A) and begin to increase again only when the cost of living, as measured by CPI-W, has recovered to where it was before the decline (at time B). The dark-shaded area shows how this index-ratcheted calculation temporarily decouples the adjusted minimum wage rate from the CPI-W, but then reestablishes the original mathematical
[original page 9]
relationship between the minimum wage and the CPI-W once the temporary reduction in the cost of living has ended, thereby maintaining employee purchasing power as specified in RCW 49.46.020(4)(b). Because index-ratcheted calculation does not allow the minimum wage rate to decline, it is consistent with the statutory language requiring the Department to adjust the minimum wage only by increasing it. RCW 49.46.020(4)(b).

 Figure 4. Graphical illustration of adjusted minimum wage rate using "index-ratcheted calculation," in which minimum wage increases only when the indexed value of the CPI-W increases beyond the value that was used to calculate the current minimum wage. Time A marks the beginning of a decline in the CPI-W in response to a period of economic decline. Time B marks the point at which the CPI-W has returned to its pre-decline level. The minimum wage rate resumes the same relationship to the CPI-W at time B that existed at time A.
As shown in Figure 5, index-ratcheted calculation avoids the "reset problem" inherent in increase-ratcheted calculation — the tendency to reset the minimum wage rate at a higher level each time the CPI-W rebounds from a decline.

 [original page 10]
 Figure 5. Graphical illustration of adjusted minimum wage rate using "index-ratcheted calculation" where the CPI-W fluctuates over time. The time periods marked A indicate years in which the CPI-W has declined and not yet returned to its pre-decline level. Only at the conclusion of those periods will increases in the minimum wage resume in response to increases to the CPI-W.
If the cost of living increased every year, without exception, the three alternative methods of calculating minimum wage — direct calculation, increase-ratcheted calculation, and index-ratcheted calculation — would yield the same result. Where the cost of living declines and then increases again, however, as is evident from the preceding graphs and discussion, these three alternatives may result in substantially different adjusted minimum wage rates over time. All three alternatives use the CPI-W to calculate the adjusted minimum wage rate, as directed in RCW 49.46.020(4)(b), but only one alternative is consistent with all the directive language in that statute.
The first alternative, direct calculation, is not consistent with the statutory directive to "maintain employee purchasing power by increasing the current year's minimum wage rate by the rate of inflation." RCW 49.46.020(4)(b). While the tight link between minimum wage and the CPI-W maintains employee purchasing power, it does so by decreasing minimum wage when the CPI-W decreases, although the statute only provides for increasing the minimum wage.
The second alternative, increase-ratcheted calculation, avoids an impermissible decrease in the minimum wage but it does not maintain employee purchasing power. Rather, it effectively resets purchasing power at a higher level relative to the CPI-W each time there is a period of decline and recovery in the cost of living, in which the CPI-W dips and then rebounds. As noted above, the plain meaning of the word "maintain" implies a preservation of buying power, not an increase in buying power that outpaces the cost of living and the rate of inflation over time.
Only the third alternative, index-ratcheted calculation, is consistent with the language of RCW 49.46.020(4)(b). It avoids an impermissible decrease in the minimum wage and preserves employee buying power without allowing it to increase more rapidly over time than the CPI-W.
Having concluded that index-ratcheted calculation satisfies the directive language in RCW 49.46.020(4)(b), we apply that conclusion to your questions.
You ask first whether RCW 49.46.020(4)(b) requires the Department to increase the minimum wage solely on the basis of an increase in the CPI-W, as compared to the previous year. The answer is no. To calculate the minimum wage rate based solely on an increase in the CPI-W would constitute an increase-ratcheted calculation, as explained above, resulting in an impermissible resetting of purchasing power at a level higher than required to maintain employee purchasing power. Rather, as explained in our answer to your second question, it is our opinion that RCW 49.46.020(4)(b) requires an increase in the minimum wage rate only where the CPI-W also has increased beyond the earlier peak value corresponding to the current minimum wage rate.
[original page 11]
Your second question asks us to assume a factual scenario in which the CPI-W increases from 2009 to 2010, but has not increased to the level of its 2008 peak. Based upon this assumption, you ask whether RCW 49.46.020(4)(b) requires the Department to increase the minimum wage for 2011 because the CPI-W increased, or instead permits the Department to leave the minimum wage at its current level until the CPI-W increases beyond the earlier peak value. Consistent with our conclusion that RCW 49.46.020(4)(b) requires the use of an index-ratcheted calculation, it is our opinion that the statute instructs the Department to leave the minimum wage rate at its current level until the CPI-W increases beyond the earlier peak value.
The current minimum wage rate was set based on the 5.9 percent increase in the CPI-W for the 12 months ending August 2008. In August 2008, the CPI-W was 215.247. If the CPI-W for August 2010 exceeds 215.247, the statute would require an increase in the minimum wage.[13] If the August 2010 CPI-W does not exceed 215.247, no minimum wage increase is authorized.
We trust that the foregoing will be useful to you.
ROB McKENNA Attorney General
ALAN D. COPSEY Deputy Solicitor General
wros
[original page break before attachment]
 RCW 49.46.020
 Minimum hourly wage.
(1) Until January 1, 1999, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than four dollars and ninety cents per hour.
(2) Beginning January 1, 1999, and until January 1, 2000, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than five dollars and seventy cents per hour.
(3) Beginning January 1, 2000, and until January 1, 2001, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than six dollars and fifty cents per hour.
(4)(a) Beginning on January 1, 2001, and each following January 1st as set forth under (b) of this subsection, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than the amount established under (b) of this subsection.
(b) On September 30, 2000, and on each following September 30th, the department of labor and industries shall calculate an adjusted minimum wage rate to maintain employee purchasing power by increasing the current year's minimum wage rate by the rate of inflation. The adjusted minimum wage rate shall be calculated to the nearest cent using the consumer price index for urban wage earners and clerical workers, CPI-W, or a successor index, for the twelve months prior to each September 1st as calculated by the United States department of labor. Each adjusted minimum wage rate calculated under this subsection (4)(b) takes effect on the following January 1st.
(5) The director shall by regulation establish the minimum wage for employees under the age of eighteen years.
[1] "CPI-W" is the abbreviation for the federal consumer price index for urban wage earners and clerical workers, representing expenditures by urban households that derive more than half their income from clerical or hourly wage occupations. See U.S. Dep't of Labor, ProgramHighlights, BLS Fact Sheet 94-1: Guide to Available CPI Data
1 (June 1998), available a thttp://www.bls.gov/cpi/cpifact8.pdf (last visited Sep. 15, 2010) (Program Highlights). As explained below, RCW 49.46.020(4)(b) requires the Department of Labor and Industries to use the CPI-W to calculate the minimum wage rate.
[2] A copy of RCW 49.46.020 is attached for ease of reference.
[3] See Program Highlights at 2.
[4] See id.
[5] See U.S. Social Security Administration, CPI for Urban WageEarners and Clerical Workers,available at http://www.ssa.gov/OACT/STATS/cpiw.html (last visited Sep. 15, 2010).
[6] For example, suppose the CPI-W this month is 207 and the CPI-W for the same month one year earlier was 200. The rate of inflation over that 12-month period would equal the proportional difference between the two values, [(207-200) ÷ 200], with the result multiplied by 100 to convert it to a percentage. That is,
 Proportional difference: (207-200) ÷ 200 = 7 ÷ 200 = 0.035
 Convert to percentage: 0.035 x 100 = 3.5 percent.
See generally U.S. Dep't of Labor, Program Highlights, BLS FactSheet 00-1: How to Use the Consumer Price Index for Escalation
2 (Sept. 2000),available at http://www.bls.gov/cpi/cpi1998d.pdf (last visited Sep. 15, 2010).
[7] When a term has a well-accepted, ordinary meaning, a regular dictionary may be consulted to ascertain the term's definition.Tingey, 159 Wn.2d at 658.
[8] Washington Office of the Secretary of State, Voters Pamphlet,General Election, November 3, 1998, Edition 2, at 7, available at http://wei.secstate.wa.gov/osos/en/PreviousElections/Documents/Voters' Pamphlets/1998%20WA%20St.pdf (last visited Sep. 15, 2010) (emphasis added).
[9] Id. at 6 (emphasis added) (Statement For).
[10] Id. at 7 (emphasis added) (Statement Against).
[11] Id.
[12] We recognize that the legislature could intervene to correct the situation portrayed in Figure 3, but the possibility of future legislative intervention does not inform the interpretation of this statute.
[13] Your second question implies one further question. Once the CPI-W has rebounded beyond the August 2008 level, is the increase in the minimum wage rate calculated based on the percentage increase in CPI-W over the 12-month period specified in the statute, or is it based on the percentage increase since August 2008? In our view, the language of the statute permits the use of either calculation, but the latter calculation appears to more accurately maintain employee purchasing power, because it determines the actual rate of inflation over the prior 12 months that was not already accounted for in calculating the current minimum wage rate.