206 P.3d 675 (2009)
Richard and Annette BOWIE, d/b/a Valpak of Western Washington-North, R & L Associates LLP, d/b/a Valpak of Western Washington-South, Direct Mail Works, Inc., d/b/a Valpak of Western Washington-East, ERSSER Enterprises, Inc., d/b/a Valpak of Western Washington-West, Smart Advertising Solutions, Inc., d/b/a Valpak of Western Washington-NW, Jeff and Kim Goodman, d/b/a Valpak of Western Washington NW, D & J Marketing, Inc. formerly d/b/a Valpak of Western Washington-South, Poste Masters, Inc. formerly d/b/a Valpak of Western Washington-Central, Korki & Kompany, Inc. formerly d/b/a Valpak of South Puget Sound, Target Marketing, Inc. formerly d/b/a Valpak of the Inland Northwest, and American Directory Service, Inc. formerly d/b/a Valpak of the Inland Northwest, Appellants,
v.
WASHINGTON DEPARTMENT OF REVENUE, Respondent.
No. 36977-0-II.
Court of Appeals of Washington, Division 2.
May 5, 2009.
*676 Scott M. Edwards, Perkins Coie LLP, Seattle, WA, for Appellants.
Heidi A. Irvin, Donald F. Cofer, Atty. Generals Office/Revenue Div, Olympia, WA, for Respondent.
HOUGHTON, J.
¶ 1 Richard and Annette Bowie, d/b/a Valpak of Western Washington-North, as franchisees of Valpak Direct Marketing Systems, Inc., create and distribute advertising coupon mailings to Washington residential addresses. The Department of Revenue (DOR), at their request, categorized this activity as "publishing" and taxed them under the business and occupations (B & O) tax rate applicable to persons engaged in the publishing business. The DOR later rescinded this decision. The Bowies and other Valpak Marketing franchisees (Taxpayers)[1] sought superior court review of the rescission. In ruling on cross motions for summary judgment, the trial court granted summary judgment to the DOR. The Taxpayers appealed. We reverse and remand for further proceedings.

FACTS
¶ 2 On October 14, 2002, the Taxpayers asked the DOR to confirm their status as publishers of periodicals under RCW 82.04.280, which imposes a B & O tax on persons engaged "in the business of ... [p]rinting, and of publishing newspapers, periodicals, or magazines." Clerk's Papers (CP) at 35. After the Taxpayers verified that they distributed coupons at stated intervals, as required under the statute for periodicals and magazines, the DOR confirmed their publisher status.
¶ 3 In December 2002 and January 2003, the Taxpayers sought refunds for overpaid taxes based on the DOR's classification of the Taxpayers' activities as publishing under RCW 82.04.280. The DOR issued two refund checks.
¶ 4 In March 2003, however, the DOR rescinded its determination because, although the Taxpayers sell advertising space in the mailings, "[t]he actual printing and mailing is provided by a third party." CP at 44. The Taxpayers filed an administrative appeal.[2]
¶ 5 A DOR appeals division administrative law judge (ALJ) found that the Taxpayers' activities did not include the publication of periodicals because the coupons constituted neither a "periodical or magazine" nor a "printed publication" under RCW 82.04.280. The ALJ ruled that because the mailings were not publications, they did not qualify as periodicals or magazines for tax purposes.
¶ 6 The Taxpayers filed a complaint for a tax refund and a notice of appeal in superior court. The parties cross-moved for summary judgment.
¶ 7 In discussing its ruling on the cross motions, the trial court noted that it remained troubled that a bound coupon collection, such as "Boat Trader," would qualify as a periodical under the B & O statute whereas coupons stuffed in an envelope would not. Report of Proceedings (RP) at 44. The trial court acknowledged that the statute's plain language included the coupon mailings within the definition of periodical.[3] It then went on to examine the legislative history and intent behind the statute and concluded that "the legislature passed legislation that does more than they [sic] intended it to." RP at 46. *677 The trial court granted the DOR's motion, reasoning that an average person and legislator would not find that coupons in an envelope constituted a periodical.[4] The Taxpayers appeal.

ANALYSIS

Printed publication
¶ 8 The Taxpayers first contend that the trial court erred in granting the DOR summary judgment based on its reasoning that the coupon mailings are not periodicals within the plain meaning of the B & O statute, RCW 82.04.280. The DOR counters that the Taxpayers' coupon mailings do not fall within the statute's term "printed publication" and, therefore, are not periodicals.
¶ 9 We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court and viewing the facts and reasonable inferences from those facts in the light most favorable to the nonmoving party.[5]Overton v. Consol. Ins. Co., 145 Wash.2d 417, 429, 38 P.3d 322 (2002). We consider summary judgment appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).
¶ 10 In reviewing the trial court's interpretation of RCW 82.04.280, we look to the statute's plain meaning in order to fulfill our obligation to give effect to legislative intent.[6]Lacey Nursing Ctr., Inc. v. Dep't of Revenue, 128 Wash.2d 40, 53, 905 P.2d 338 (1995). To do so, we neither add language to nor construe an unambiguous statute. Cerrillo v. Esparza, 158 Wash.2d 194, 201, 142 P.3d 155 (2006). "Ambiguities in taxing statutes are construed `most strongly against the government and in favor of the taxpayer.'" Qwest Corp. v. City of Bellevue, 161 Wash.2d 353, 364, 166 P.3d 667 (2007) (internal quotation marks omitted) (quoting Estate of Hemphill v. Dep't of Revenue, 153 Wash.2d 544, 552, 105 P.3d 391 (2005)).
¶ 11 RCW 82.04.280 imposes a tax on "every person engaging within this state in the business of ... [p]rinting, and of publishing newspapers, periodicals, or magazines." The statute defines a "periodical or magazine" as "a printed publication, other than a newspaper, issued regularly at stated intervals at least once every three months, including any supplement or special edition of the publication." RCW 82.04.280.
¶ 12 Webster's Dictionary defines a periodical as "a magazine or other publication of which the issues appear at stated or regular intervals." Webster's Third New International Dictionary 1680 (2002). It defines a publication as "communication ... to the public," such as a "public announcement," "the act or process of issuing copies ... for general distribution," or "a published work." Webster's, supra, 1836.
¶ 13 The plain meaning of RCW 82.04.280 requires only "a printed publication... issued regularly at stated intervals." Although the conventional/dictionary definition of "periodical" is narrower than "publication," by including all "publications" in enacting RCW 82.04.280, the legislature chose to adopt a broad definition of "periodical." Moreover, in enacting the statute, the legislature did not impose any format or any content requirements. See generally Agrilink Foods, Inc. v. Dep't of Revenue, 153 Wash.2d 392, 397, 103 P.3d 1226 (2005) (analyzing plain language of tax statute and declining to add a requirement not included by the legislature).
¶ 14 Our Supreme Court notes that it "does not subject an unambiguous statute to statutory construction and has `declined to add language to an unambiguous statute even if it believes the Legislature intended something else but did not adequately express it.'" Cerrillo, 158 Wash.2d at 201, 142 P.3d 155 (quoting Kilian v. Atkinson, 147 Wash.2d 16, 20, 50 P.3d 638 (2002)). Thus, the trial court's reasoning that "the legislature passed legislation that does more than *678 they [sic] intended it to," cannot form a basis for a decision to exclude the coupon mailings from the definition provided under RCW 82.04.280. RP at 46.
¶ 15 The DOR urges us to rely on the Florida case Dep't of Revenue v. Val-Pak Direct Marketing Sys., Inc., 862 So.2d 1 (Fl.Ct.App.2003). We decline to do so.
¶ 16 In deciding whether the Florida mailings qualified for a sales tax exemption, the Val-Pak court determined:
A publication may consist of printed material, but not all printed material constitutes a publication. A publication is presented in an identifiable form as a work or an issue. A published work or an issue of a publication necessarily has a unitary physical quality like the unitary physical quality of a newspaper, magazine, or book. Although it need not be bound together, a publication is identifiable as a discrete physical item, such as a newspaper, magazine, or book. An assortment of separate printed advertisements on separate pieces of paper inserted in an envelope cannot properly be described as a work or an issue and therefore is not a publication.
862 So.2d at 4. Although the Florida court states that it does not impose a binding requirement, under its analysis no unbound printed matter would qualify under its definition of "publication." Moreover, the Taxpayers' work setting the order in which the coupons appear, as well as the coupon mailing's envelope, provide the mailings with a "unitary physical quality." Val-Pak, 862 So.2d at 4; see CP at 286.
¶ 17 Here, as the trial court acknowledged, "The legislature has said in words, and the words that they [sic] used would allow this to fall within what counts as a periodical, whether that's what the legislature intended or not." RP at 46. We agree the coupon mailings fit, at least in part, within the definition of "periodical" or "magazine" because the mailings are printed pieces of paper comprising a "printed publication." See RCW 82.04.280. We must next decide whether the Taxpayers issue the publications at stated intervals.

Stated Intervals
¶ 18 To fall within the B & O statute, a publication must issue "regularly at stated intervals at least once every three months."[7] RCW 82.04.280. We conclude that a "stated interval" means that the Taxpayers must provide the intended audience with its anticipated mailing or publication interval.[8] Although the publication or mailing schedules are available to advertising clients through brochures and on the Valpak website, it is unclear whether they are readily available to recipients of the mailings. The DOR disputes this availability and argues that accessing the schedules on the website requires linking through four screens of information under the "Advertise With Us" link at www. valpak.com. Resp't's Br. at 35; see CP at 432. This disputed fact creates a material issue that precludes summary judgment here. The remedy is to reverse and remand for the trial court to determine whether the Taxpayers disseminate the coupon mailings regularly at stated intervals.
¶ 19 Reversed and remanded.[9]
We concur: BRIDGEWATER, J. and VAN DEREN, C.J.
NOTES
[1] Although some of the facts pertain only to the Bowies' actions, for clarity we refer to them and the other franchisees as the Taxpayers. The other franchisees are: R & L Associates LLP, d/b/a Valpak of Western Washington  South, Direct Mail Works, Inc., d/b/a Valpak of Western Washington  East, ERSSER Enterprises, Inc., d/b/a Valpak of Western Washington  West, Smart Advertising Solutions, Inc., d/b/a Valpak of Western Washington  NW, Jeff and Kim Goodman, d/b/a Valpak of Western Washington NW, D & J Marketing, Inc. formerly d/b/a Valpak of Western Washington  South, Poste Masters, Inc. formerly d/b/a Valpak of Western Washington  Central, Korki & Kompany, Inc. formerly d/b/a Valpak of South Puget Sound, Target Marketing, Inc. formerly d/b/a Valpak of the Inland Northwest, and American Directory Service, Inc. formerly d/b/a Valpak of the Inland Northwest.
[2] WAC 458-20-100 sets out the DOR administrative appeal process.
[3] The statute defines periodicals as printed publications "issued regularly at stated intervals," excluding newspapers. RCW 82.04.280.
[4] The trial court did not address whether the coupons were issued at stated intervals.
[5] The trial court likewise reviewed the matter de novo as specified in RCW 82.32.180.
[6] Both parties rely on the plain meaning of the words in the statute.
[7] As noted, because the trial court decided the coupon mailings did not constitute a printed publication, it failed to reach this issue.
[8] The definitions of "stated" include "set," "fixed," "established," and "declared." Webster's, supra, 2228.
[9] Because the issue whether the coupon mailings qualify as "publications" or "periodicals" remains undecided, we do not reach the issue whether taxpayers "engage[e] within this state in the business of ... [p]rinting, and of publishing" the coupon mailings. RCW 82.04.280. Although it appears that engaging in the business of publishing should encompass more than simply being the designated publisher of the printed matter, Ford Motor Co. v. City of Seattle, Exec. Svcs. Dep't, 160 Wash.2d 32, 156 P.3d 185 (2007), cert. denied, ___ U.S. ___, 128 S.Ct. 1224, 170 L.Ed.2d 61 (2008), the trial court will need to address this issue for the first time only in the event it determines that the mailings issued at "stated intervals."