

FILED
COURT OF APPEALS
STATE OF WASHINGTON

2013 JUL 22 PM 1:01

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KARM ENTERPRISES, INC., a Washington corporation, and JOHN SJONG, an individual and resident of the State of Washington, | ) ) ) ) ) | No. 68843-0-I |
| Appellants, | ) ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| BLUE ACE, LLC, a Washington limited liability corporation, and MICHAEL BURNS, and his marital community, | ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | FILED: July 22, 2013 |

SPEARMAN, A.C.J. — Karm Enterprises, Inc. and John Sjong (collectively, "Karm") appeals the trial court's summary dismissal of their unjust enrichment claim against Blue Ace, LLC and Michael Burns, (collectively "Blue Ace"). Karm's claim is based on allegations that Blue Ace, after buying Karm's fishing vessel, wrongfully benefited from the use of catch history associated with Karm's fishing license to obtain "harvest shares" from a private fishing cooperative. Where Karm's appeal relies on arguments it did not make below, and where the trial court properly applied the cited legal authority to the claim before it, we affirm.

## FACTS

On June 30, 2004, Karm sold its fishing vessel, the *Storfjord* (now the *Blue Ace*), to Blue Ace for $500,000.00. The terms of the sale were set forth in a written agreement titled "F/V Storfjord Purchase and Sale Agreement" ("Purchase Agreement"). The Purchase Agreement incorporated an option for Blue Ace to purchase from Karm its Federal License Limitation Program (LLP) license LLG4513 and all catch history associated with the license for $2,000,000.00, if the license ever became transferable. At the time, LLG4513 was nontransferable and Karm's administrative appeal, seeking transferability of the license, was pending with the National Marine Fisheries Service (NMFS). In light of the uncertainty as to the license, Blue Ace acquired license LLG4508 from a third party in 2004 to maintain eligibility to participate in Bering Sea and Aleutian Islands groundfish fisheries.

Blue Ace is a member of the Freezer Longline Conservation Cooperative (FLCC), a voluntary fishery cooperative. Around January 2007, FLCC members met to negotiate terms on which to cooperatively harvest Pacific cod amongst themselves. Each year, NMFS allocated a certain percentage of the total allowable catch of Pacific cod to the FLCC's subsector. 50 C.F.R. § 679.20(a)(7)(ii)(A) (2011). While that allocation was unavailable to participants in other subsectors, FLCC members still had to compete against each other for the fish allocated to the FLCC subsector.

2

FLCC had previously hired Tagart Consulting to compile NMFS catch history data for FLCC members' vessels for an unrelated "Capacity Reduction Program." Clerk's Papers at 113. Those data were used by the FLCC in allocating available catch of Pacific cod by "harvest shares" to its members. Id. Blue Ace's harvest share allocation was negotiated in connection with the admission of the *Blue Ace*, and Blue Ace was tentatively assigned a harvest share of 1.39% of the FLCC subsector's Pacific cod allocation. Id.

Sometime after the January 2007 FLCC meeting, Thor Tollessen[1] and Sjong of Karm met with Burns of Blue Ace. By that time, the parties considered it unlikely that Karm would prevail in its appeal regarding LLG4513. At that meeting, according to Tollessen, Burns acknowledged that Blue Ace stood to receive a FLCC harvest share of 1.39% and that the share was largely derived from Tagart's calculations, which incorporated catch history of the *Blue Ace* associated with Karm's ownership of the vessel. Tollessen stated that the catch history did not belong to Blue Ace and proposed that the parties take the fair market value of Blue Ace's FLCC harvest shares, pay Karm and Sjong $2,000,000 for the catch history associated with LLG4513, reimburse Blue Ace for certain costs, and split the remainder evenly. Burns responded that part of the catch history supporting the harvest share allocation had been generated while Blue Ace owned the vessel, justifying an adjustment to the payment amount.

---

[1] Tollessen is the sole owner and manager of Karm.

According to Tollessen, he and Sjong agreed with and shook hands with Burns. Blue Ace denies making any such oral agreement.

In late 2007, NMFS denied Karm's appeal as to LLG4513 and that license expired effective January 1, 2008. Because the license never became transferable, Blue Ace did not purchase it under the option in the Purchase Agreement. Upon termination of LLG4513, Karm was ineligible to participate in the FLCC.

Harvest share allocations of FLCC members were finalized on February 1, 2010, when members entered into a "Freezer Longline Conservation Cooperative Membership Agreement." That agreement lists Blue Ace's harvest share for Pacific cod as 1.4%. CP at 95. Subsequently, Karm alleged, Blue Ace fished its quota but did not provide an accounting to Karm of sales revenue or honor its oral agreement with Karm.

Karm filed suit against Blue Ace in September 2011. In its complaint, Karm alleged a breach of oral contract claim and, in the alternative, an unjust enrichment claim. As to the latter, the complaint stated:

> 20. Alternatively, the Court should find a constructive contract or contract implied at law between the plaintiffs and defendants, as the defendants have been unjustly enriched by obtaining individual fishing quota based on a wrongful presentation to NMFS of catch history belonging to the plaintiffs.
>
> 21. The catch history and quota share belonging to the plaintiffs were conferred on the defendants. Defendants had a knowledge and appreciation of these benefits being conferred on them. The defendants accepted these benefits under circumstances that make it inequitable for them to receive the benefits.

4

CP at 4-5.

Blue Ace moved for summary judgment. With respect to the unjust enrichment claim, Blue Ace cited <u>Young v. Young</u>, 164 Wn.2d 477, 191 P.3d 1258 (2008) and argued that Karm was required to show that Blue Ace was enriched through a benefit obtained from Karm. Blue Ace argued that Karm could not make such a showing where (1) upon termination of LLG4513, no federal fishing right could be issued on the basis of LLG4513 and its associated fishing history; (2) no party could have gained admission to the FLCC on the basis of LLG4513; (3) Blue Ace could not have obtained any benefit in connection with LLG4513 and its fishing history because no interest in that license and fishing history could be transferred by Karm; and (4) even if Blue Ace obtained its FLCC harvest share allocation by a claim of ownership of LLG4513 or its catch history, that benefit was a result of its private negotiations with FLCC members and was not conferred by or obtained from Karm.

In opposition, Karm asserted that Blue Ace was unjustly enriched because it used Karm's catch history to obtain FLCC harvest shares, even if no NMFS regulation prevented Blue Ace from doing so.

The trial court granted Blue Ace's motion and dismissed both claims.[2] As to the unjust enrichment claim, the court concluded that Karm did not confer a benefit on Blue Ace for which the law would require Blue Ace to pay. The court

---

[2] The trial court dismissed the breach of oral contract claim under the statute of frauds. Karm does not appeal the dismissal of that claim.

5

granted Blue Ace's motion for attorney's fees under a provision in the Purchase Agreement and entered final judgment. Karm moved for reconsideration, which the trial court denied. Karm appeals the dismissal of its unjust enrichment claim.

## DISCUSSION

This court reviews a trial court's order granting summary judgment de novo. Cerrillo v. Esparza, 158 Wn.2d 194, 199, 142 P.3d 155 (2006). "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id. at 200.

Karm argues that the trial court applied the incorrect legal standard to its unjust enrichment claim. Karm contends it did not need to show that it conferred the benefit at issue (FLCC harvest shares) on Blue Ace, only that the benefit to Blue Ace was at Karm's "expense." Conceding that it suffered no injury or loss as a result of Blue Ace's alleged use of its catch history to obtain harvest shares from the FLCC,[3] Karm contends that the expense requirement does not require an observable loss to Karm. Rather, it contends, it need only show that Blue Ace wrongfully gained through its violation of Karm's "legally protected rights" under

---

[3] Reply Brief at 20 ("Here, Karm suffered no discernible 'injury' or 'loss' when Blue Ace breached the Vessel Purchase Agreement by using the catch history Karm retained to obtain FLCC harvest shares.").

the Purchase Agreement to control the LLG4513 catch history.[4] Karm admits that the record is inadequate to address this issue on appeal because the trial court was not asked to consider whether Blue Ace deliberately breached the Purchase Agreement in light of RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 39 (2011)[5] by using Karm's catch history. Karm requests that we reverse the judgment in favor of Blue Ace and remand for the trial court to address this issue.

Blue Ace argues, among other things, that summary judgment should be affirmed because the arguments made by Karm on appeal were not made below

---

[4] To support its argument that a violation of its legally protected rights is sufficient to show an expense, Karm cites RESTATEMENT (THIRD) OF RESTITUTION § 1 cmt. a and § 3 cmt. a. The former states:

> While the paradigm case of unjust enrichment is one in which the benefit on one side of the transaction corresponds to an observable loss on the other, the consecrated formula "at the expense of another" can also mean "in violation of the other's legally protected rights," without the need to show that the claimant has suffered a loss.

RESTATEMENT (THIRD) OF RESTITUTION § 1 cmt. a. The latter states:
> [T]here can be restitution of wrongful gain in cases where the plaintiff has suffered an interference with protected interests but no measurable loss whatsoever . . . Familiar statements to the effect that a cause of action for unjust enrichment or restitution requires "a benefit conferred by the plaintiff on the defendant" are seriously out of place in any discussion of restitution of wrongful gain.

RESTATEMENT (THIRD) OF RESTITUTION § 3 cmt. a. We note that Karm points to no authority showing that these Restatement principles have been adopted by Washington courts.

[5] RESTATEMENT (THIRD) OF RESTITUTION § 39 states, in pertinent part:

> (1) If a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach. Restitution by the rule of this section is an alternative to a remedy in damages.

RESTATEMENT (THIRD) OF RESTITUTION § 39.

and summary judgment was properly granted based on the parties' arguments below.[6] We agree with Blue Ace and affirm.

### Karm's Arguments on Appeal Were Not Made Below

We decline to consider Karm's main arguments on appeal, which were not made below. With respect to review of an order granting summary judgment, we "will consider only evidence and issues called to the attention of the trial court." RAP 9.12. Thus, "[a]n argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal." Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008) (citing Sneed v. Barna, 80 Wn. App. 843, 847, 912 P.2d 1035 (1996)). Furthermore, we "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5.

Nowhere below did Karm argue that it was not required to show that it conferred a benefit on Blue Ace; that an "expense" to the plaintiff does not require an injury or loss; or that the basis of its unjust enrichment claim was that Blue Ace wrongfully gained through an opportunistic breach of the Purchase Agreement, violating Karm's legally protected rights to control its catch history under that agreement. Nor did it cite to any of the Restatement principles on which it relies on appeal. Even as late as its motion for reconsideration,[7] Karm did not contest the unjust enrichment standard set forth in Blue Ace's motion for

---

[6] Blue Ace also argues that summary judgment should be affirmed because (1) any failure by the trial court to consider Karm's new theory is harmless error where recovery under that theory is barred by the statute of limitations and (2) Karm's claim fails even under the Restatement principles on which it relies. We do not reach those arguments.

[7] Karm designates the order denying its motion for reconsideration in its notice of appeal.

summary judgment. In its motion for reconsideration, Karm stated that the unjust enrichment claim was wrongly dismissed because there was a "[g]enuine issue of fact and law as to whether defendants' FLCC quota was obtained through a benefit <u>conferred by plaintiffs</u>." CP at 206 (emphasis added).

Nonetheless, Karm requests this court to consider these arguments. It cites <u>Rahman v. State</u>, 170 Wn.2d 810, 823-24, 246 P.3d 182 (2011), superseded on other grounds by statute, S.H.B. 1719, 2011 Wash. Sess. Laws, ch. 82. and <u>Downey v. Pierce County</u>, 165 Wn. App. 152, 163 n.11, 267 P.3d 445 (2011), <u>review denied</u>, 174 Wn.2d 1015, 281 P.3d 688 (2012), for the proposition that an appellate court may consider relevant or correct law in deciding an issue, regardless of whether a party has cited it. Neither of these cases requires this court to consider arguments not raised below—particularly where a party's failure to raise certain arguments admittedly results in a deficient record with respect to those arguments—and we decline to do so.

Summary Judgment Proper Under Young

We next determine whether the trial court properly applied <u>Young</u> to Karm's unjust enrichment claim. We conclude that it did. Under <u>Young</u>, and as Blue Ace cited below,

> 'Three elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.'

9

Young, 164 Wn.2d at 484 (quoting Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc., 61 Wn. App. 151, 159-160, 820 P.2d 12 (1999). Karm's claim was properly dismissed where it admits on appeal that it did not confer the benefit at issue—FLCC harvest shares—on Blue Ace.

Karm instead argues on appeal that the quoted language does not contain the correct legal standard for unjust enrichment, the standard actually applied in Young. It contends the correct legal standard is set forth later in the opinion when the court states:

> In other words the elements of a contract implied in law are: (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.

Id. at 484-85. Under this standard, Karm contends, a plaintiff need not show that it conferred a benefit on the defendant, only that the benefit to Blue Ace was at Karm's expense. While we need not reach this argument given Karm's failure to raise it below, it is not well taken. The two statements in Young are expressing the same concept in different terms: the benefit to the defendant must correspond to some loss to the plaintiff, by having conferred the benefit or incurred some expense. This is apparent by the phrase "[i]n other words" that precedes the court's restatement of the legal standard in the portion quoted by Karm. Moreover, Young itself involved facts in which a plaintiff alleged the defendant was unjustly enriched by benefits provided by the plaintiff. There, the defendant was alleged to have benefited when the plaintiff made improvements to the defendant's real property. Young, 164 Wn.2d at 480-82. Finally, after

Young, courts have applied the "plaintiff conferred a benefit" language in stating the elements of an unjust enrichment claim. See, e.g., Austin v. Ettl, 171 Wn. App. 82, 92, 286 P.3d 85 (2012) (citing Young for proposition that unjust enrichment requires showing that "a plaintiff conferred a benefit upon the defendant"); Nat'l Sur. Corp. v. Immunex Corp., 162 Wn. App. 762, 778 n.11, 256 P.3d 439 (2011) (aff'd and remanded, 176 Wn.2d 872, 297 P.3d 688 (2013) (citing Young for proposition that party claiming unjust enrichment must show "a benefit conferred upon the defendant by the plaintiff"). The trial court did not apply an incorrect legal standard to Karm's claim.

## Attorney's Fees

As we affirm the dismissal of Karm's unjust enrichment claim on summary judgment, we also affirm the trial court's award of attorney's fees below and we award attorney's fees and costs on appeal to Blue Ace pursuant to its request under RAP 18.1 and the Purchase Agreement.[8]

Affirmed.

WE CONCUR:

_____

_____

_____

---

[8] Karm does not dispute the availability of attorney's fees and costs to the substantially prevailing party, it argues only that reversal of the decision on summary judgment requires reversal of the fee award.